THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMSON HARDY, JR., Defendant-Appellant.

Third District   No. 77-523

Opinion filed October 10, 1979.—Rehearing denied November 9, 1979.

Robert Agostinelli and Charles Hoffman, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, Samson Hardy, was charged with unlawful possession of thirty grams or more of a substance containing heroin, a controlled substance. Upon a jury trial Hardy was found guilty and the court sentenced him to a term of 4 to 12 years. Defendant timely filed an appeal raising two issues: (1) whether the opening of a sealed container during a warrantless vehicle inventory search violated the fourth amendment prohibition against unreasonable searches and seizures, and

(2) whether the defendant was denied his constitutional right to a fair and impartial trial by improper conduct of the prosecutor.

On March 10, 1977, Sergeant Lock of the Peoria police department noticed a car with an out-of-town dealer's sticker affixed to the trunk lid. A check with the teletype operator at police headquarters revealed that the license plates on the car had been reported stolen in Chicago. After calling for assistance Sergeant Lock pulled in front of the car, which had parked, ordered the four occupants to place their hands on their heads and informed them that they were under arrest. Officers Millard and Barnes then arrived and assisted Sergeant Lock with the arrests and subsequent searches.

Because the car was improperly parked and its ownership could not be verified Sergeant Lock decided it was necessary to impound the vehicle. Prior to towing the car away it was subjected to an inventory search. During the search Officer Millard looked under the hood to see if the battery was present and saw a small plastic bottle which was in plain view in a platform under the battery. He removed the bottle, opened it, and found that it contained a light brown powdery substance. After the search, the vehicle was towed and taken into custody.

Trial on the charges began on July 8, 1977, and ended in a mistrial, the jury being irrevocably deadlocked. On September 29, 1977, a second jury was selected and retrial on the charges began. Among the pretrial motions filed by the defendant was a motion to suppress evidence aimed at suppressing the bottle containing the contraband. After a hearing the court denied the defendant's motion, finding that the search of the car was a proper inventory search.

At the trial the officers who participated in the arrest testified and so did the defendant, as well as other witnesses. Both the prosecutor and defense counsel stressed to the jury that the most crucial determination to be made concerned the credibility of the witnesses. The jury returned a verdict of guilty.

■■ Defendant's first issue on appeal is that the trial court erred in denying defendant's motion to suppress the bottle as evidence. In *South Dakota v. Opperman* (1976), 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092, the Supreme Court held that warrantless inventory searches do not necessarily offend the fourth amendment if they are part of a standard procedure of the local police department and are done to (1) protect the owner's property while it remains in police custody, (2) protect police against claims or disputes over lost or stolen property, or (3) protect police from potential danger. Defendant argues that opening the bottle did not further any of these purposes and cites cases such as *People v. Hamilton* (1979), 74 Ill. 2d 457, 386 N.E.2d 53, as support. We believe

*Hamilton* is inapplicable to the present case. In *Hamilton* the defendant was involved in a car accident and was taken to a hospital carrying an attaché case. The case was taken from him by a State trooper and defendant was told it would be inventoried with other personal property and locked in his van. The trooper then opened the case and found contraband therein. The court ruled that opening the locked attaché case was a violation of defendant's fourth amendment rights. In so ruling, the court relied on the fact that the locked attaché case created an expectation of privacy. (*People v. Hamilton* (1978), 56 Ill. App. 3d 196, 203.) We believe that a plastic bottle does not create such an expectation of privacy. (*Cf. People v. Dennison* (1978), 61 Ill. App. 3d 473, 378 N.E.2d 220.) Therefore, since the testimony shows that this was an inventory search done in accordance with standard police procedures, there was no violation of the fourth amendment.

Defendant's second issue on appeal is that the prosecutor engaged in improper conduct which denied the defendant a fair and impartial trial. Specifically, defendant claims that (1) during closing argument the prosecutor expressed his personal opinion on the veracity of the State's witnesses and argued facts not in evidence to bolster their credibility, (2) the prosecutor argued facts not in evidence from which the jury could infer guilt of the offense charged, and (3) the prosecutor elicited testimony identifying defendant as a heroin addict.

■■ Regarding defendant's claim that the prosecutor should not have expressed his personal opinion as to the veracity of the State's witnesses, it is clear that an attorney cannot express his personal opinion as to the credibility of a witness. (*United States v. Phillips* (7th Cir. 1975), 527 F.2d 1021.) Thus, it was error for the prosecutor to have expressed such an opinion. However, in this case we believe that it was harmless error. The instances in which the prosecutor expressed an opinion were really just unemphasized passing remarks which were not repeated. Defendant's reliance on *People v. Valdery* (1978), 65 Ill. App. 3d 375, 381 N.E.2d 1217, is misplaced. In *Valdery* the prosecutor not only gave a long explanation as to why he believed the witnesses, he made further remarks about their integrity and his belief in their testimony. The prosecutor then went on to say that Valdery had committed other crimes, something that was clearly without support in the record. The prosecutor also called defense witnesses liars and made further improper comments.

In the instant case, the prosecutor did not go nearly so far. The prosecutor merely made some remarks which were subsumed by the rest of his argument and which defense counsel did not even feel a need to object to. Further, the prosecutor often reminded the jurors that closing arguments were not to be considered evidence and that the jurors should

decide the case solely on the basis of the evidence. Thus we believe the prosecutor's remarks to be harmless error.

■■ Defendant also claims that the prosecutor argued facts not in evidence from which the jury could infer guilt of the offense charged. Defendant is referring to that part of the prosecutor's closing argument in which the prosecutor is talking about a syringe found on the defendant's body at the time of the arrest and states "There was also no doubt in his mind that he found a syringe full of heroin—STRIKE THAT." Upon objection by defense counsel the prosecutor withdrew the comment, the court instructed the jury to disregard the comment and the statement was stricken from the record. We believe that the court's action was entirely proper and adequate and see no error.

■■ Defendant's final contention is that he did not receive a fair and impartial trial because the prosecutor elicited testimony during the trial identifying the defendant as a heroin addict. We find no basis for this argument. Defendant's drug habit was established at trial in two ways. First, a witness for the State testified that defendant had stated that his sister knew that he was an addict. Defendant did not object to this testimony at trial. Failure to object at trial waived the defendant's rights with respect to that testimony on appeal. Defendant's habit was also established when the prosecution cross-examined one of the defendant's witnesses. At that time the defendant objected on the ground that the cross-examination exceeded the scope of the direct examination. It is clear that an objection on a specific ground at trial waives any objection to that evidence on other grounds on appeal. (*People v. Jones* (1975), 60 Ill. 2d 300, 325 N.E.2d 601; *People v. Queen* (1974), 56 Ill. 2d 560, 310 N.E.2d 166.) Thus, defendant has waived any objections to the introduction of this evidence on appeal as being irrelevant and prejudicial.

For the above mentioned reasons, the judgment of the trial court is affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.