71633. COWART v. THE STATE.
(345 SE2d 655)

McMURRAY, Presiding Judge.

The defendant was convicted of aggravated assault on December 5, 1984. The evidence at trial, construed most favorably to uphold the verdict, showed that on June 25, 1984, the defendant was at a swimming area on Black Creek in Bryan County, Georgia when he became upset because someone had removed several soft drinks from his cooler. Armed with a .357 Magnum handgun, the defendant began stopping automobiles as they were leaving the swimming area, demanding to be paid for the soft drinks. William Highsmith (the victim) approached the defendant in an effort to pursuade him to stop pointing the handgun at other people. The victim told the defendant: "Surely, you're not going to shoot anybody over three sodas?" The defendant replied: "To hell I won't. I'll shoot you." Whereupon the defendant fired his gun once past the victim's head and then shot the victim in the left leg. As the victim sat on the ground, defendant shot him in the other leg.

The defendant was sentenced to serve 20 years on probation and to make restitution to the victim. The defendant was also to perform 500 hours of community service work. The defendant's motion for new trial was denied and he now appeals. *Held*:

In his sole enumeration of error the defendant maintains "[t]he Court erred in allowing testimony of other alleged crimes to be

presented to the jury. Specifically, alleged crimes or alleged criminal acts of the Appellant for which he was not on trial for and in essence put the Appellant's character in issue before the jury without the Appellant first putting his character in issue before the jury." First, the defendant contends that the trial court should have granted his motion for mistrial because the testimony of three witnesses impermissibly placed his character in issue at trial. This argument is without merit.

All three witnesses testified to events which led up to the shooting of the victim. More specifically, the witnesses testified that the defendant had a gun and waved it at other people moments before shooting the victim. This testimony was part of the res gestae, and tended to show the defendant's motive and course of conduct leading to crime. Consequently, the witnesses' testimony was appropriately introduced into evidence at trial. *Lindsey v. State*, 234 Ga. 874, 875-876 (218 SE2d 585); *Schubert v. State*, 160 Ga. App. 227 (1) (286 SE2d 514).

Next, the defendant contends that the trial court erred in not granting his motion for mistrial because testimony of a State's witness, concerning an incident in which the defendant fired a gun in a public place one year prior to the crime charged, impermissibly placed his character in issue. Freddie Daniel Lee testified in response to the prosecutor's direct examination as follows: "Q. All right, sir. Do you know the defendant, Gordon Cowart? A. Yes, sir. Q. And you've seen him around before? A. Yes, sir. Q. I want to ask you, sir, . . . have you seen this gun before? [The defendant's .357 Magnum handgun.] A. Yes, sir. Q. Where have you seen this gun before? A. Down at Black Creek Bridge. Q. All right, sir. Prior to time, had you seen it before? A. Yes, sir. I seen it at Ellabelle one night before that. Q. Tell the jury about that. A. Me and Mike, . . . were sitting at Ellabelle one night and four or five more people was standing there. Mr. Cowart [the defendant] had pulled out there at the crossroads there, and took his gun out and fired the gun, two or three shots in the air. Q. Why did he do that? A. I don't know why. Q. Was anybody provoking him that night? A. No, sir. Q. Had anybody said anything to him? A. No, sir. Q. Your testimony is, he pulled where y'all were and got out with the gun? A. He pulled right where we was at. He pulled right across from us. Q. Yes, sir. And it was [the defendant] and it was that gun? A. Yes, sir. Q. When was that? A. That's been over a year ago."

The trial court found this testimony to be irrelevant and instructed the jury as follows: "In your absence The Court has ruled that under the laws of evidence in this State, the testimony that Mr. Freddie Lee, the next to the last witness, that he gave about an incident in Ellabelle is completely irrelevant to the issues in this case and is not admissible, and The Court is going to strike that testimony

from the record. And I'm going to have to poll each of you individually because sometimes it's hard to hear something and erase that from your mind when you begin your deliberations. But then, we do have rules of evidence that we have to conduct a trial under. And, inadmissible evidence, the law says that jurors cannot consider it. So, when The Court says it's striking that from the record, it means that it's taking that away from the jury for their consideration when you begin your deliberations. So, The Court has stricken that testimony about the incident that he has testified to in Ellabelle, since it has no relevancy to any of the issues in this case. So, as the Clerk calls your name, I'm going to ask you if you can disregard it, and conduct your deliberations without taking that into consideration. Tell me you can, and then if you can't, please tell me you can't. Call the first juror." The trial court then polled the jury and each jury member responded that they would be able to completely disregard the testimony which was excluded by the court and decide the case based strictly on the evidence that was admitted by the court.

In view of the trial court's corrective instructions to the jury, and under the particular facts and circumstances of the case sub judice, we hold that the trial court did not abuse its discretion in denying the defendant's motion for mistrial. *Lehman v. State*, 165 Ga. App. 15 (1) (299 SE2d 88). See also *Hamilton v. State*, 155 Ga. App. 799 (2) (272 SE2d 763).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED MAY 15, 1986.

*Lloyd D. Murray*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.