## 76269. RAY v. THE STATE.
### (370 SE2d 629)

BIRDSONG, Chief Judge.

Appellant Joe Ray appeals his conviction of involuntary manslaughter, committed while in the commission of a lawful act in an unlawful manner in violation of OCGA § 16-5-3 (b). Appellant, his friend Branscomb, and two ladies had been playing cards on the porch of a duplex owned by Branscomb. These four people were sitting on the lighted porch talking, when the deceased drove up in a van with another person. Earlier in the day, the deceased had visited the house on two occasions, once looking for and once visiting with a female occupant of the other half of the duplex. The deceased exited the van and stood behind appellant while inquiring of Branscomb whether the female occupant of the duplex was at home yet. Appellant politely requested the deceased not to stand behind him. When the deceased refused the request, the appellant asked again. The deceased refused to move after the second request. According to the appellant, at this point the deceased said: "Well, who the hell do you think you are?" and put both of his hands in his pockets. When the deceased did this, appellant jumped up, kicking his chair away; the deceased braced himself as if he wanted to fight and "acted like he was going to attack" the appellant. The appellant drew a loaded pistol from his pocket and struck the deceased with it. The gun fell on the porch and appellant retrieved it. The deceased stayed on his feet after being struck and "lunged back" at the appellant. At this point the appellant perceived that the deceased "could have did me really some damage," and he struck the deceased a second time with the pistol. The pistol discharged killing the deceased. The appellant further testified that he did not intend to kill the deceased, that he did not pull the trigger of the pistol, and that the discharge of the pistol was an accident. The trial court's charge to the jury included instructions on malice murder, felony murder, both statutory types of involuntary manslaughter and accident. However, the trial court refused to charge on both self-defense and accident and ultimately declined to give the defense-requested self-defense instruction. *Held*:

Appellant enumerates as error that "the Trial Court erred in failing to give appellant's written request to charge on the issue of self-defense." In his brief the appellant argues that a court may charge the jury on both the defense of accident and the defense of self-defense, even though the two defenses "may be inconsistent." He also argues that "[t]he . . . verdict was that the appellant acted in self-

defense when he struck the deceased . . . however, he used excessive force. Therefore, they convicted him of misdemeanor involuntary manslaughter. However, the jury was never told the legal definition of self-defense. . . . [Thus, t]he jury was given no legal basis to make a determination as to whether the force used by the appellant was excessive or not."

The basis for this appeal, in fact, is appellant's assertion that the trial court's failure to instruct on the requested self-defense charge prejudiced the appellant in a manner necessitating reversal of his misdemeanor involuntary manslaughter conviction. However, at trial the appellant did not request that the self-defense charge be given in regard to a particular offense. In fact, following the trial court's charge to the jury, the appellant was asked to state his objections and pertinently responded: "Now accident and self-defense are mutually exclusive on murder and involuntary manslaughter, we're all agreed." Then following a somewhat convoluted explanation of the objection, appellant informed the trial judge that he only sought the self-defense charge in regard to the charge on felony murder and involuntary manslaughter where you allege an unlawful act in the example of simple battery, and that "we don't have any other objections." Review of this record on the four corners clearly reveals that appellant only requested the self-defense charge as to felony murder and as to involuntary manslaughter when in the commission of an unlawful act in violation of OCGA § 16-5-3 (a). The appellant effectively waived any right to have the self-defense charge given in a manner which would apply it to the charge of involuntary manslaughter in the commission of a lawful act in an unlawful manner in violation of OCGA § 16-5-3 (b).

If counsel desires to preserve an objection upon a specific point for appeal, the objection must be made at trial upon that specific ground. *Frymyer v. State*, 179 Ga. App. 391 (3) (346 SE2d 573); *Wilson v. State*, 145 Ga. App. 315 (5) (244 SE2d 355); accord *Weaver v. State*, 179 Ga. App. 641 (7) (347 SE2d 295). " '[S]cope of review is limited to the scope of the ruling in the trial court *as shown by the trial record* and cannot be enlarged or transformed through a process of switching, shifting, and "mending your hold." ' " *Wilson v. State*, supra at 323. Thus, there exists no viable error for this court to review.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

Decided May 24, 1988 —
Rehearing denied June 8, 1988 — 

*Douglas L. Breault, William J. Mason*, for appellant.

*William J. Smith, District Attorney, Michael D. Reynolds, Assistant District Attorney*, for appellee.