THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD McCUE, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLIFTON ELY, Defendant-Appellant.

Third District   Nos. 3—87—0852, 3—87—0853 cons.

Opinion filed November 4, 1988.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant Clifton Ely.

Thomas A. Lilien, of State Appellate Defender's Office, of Elgin, for appellant Richard McCue.

Edward F. Masters, State's Attorney, of Joliet (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Each defendant appeals his conviction for the offense of enforcement of discipline-escape in violation of section 3—6—4 of the Unified Code of Corrections. (Ill. Rev. Stat. 1987, ch. 38, par. 1003—6—4(a).) These appeals have been consolidated for review.

At approximately 4:30 p.m. on September 20, 1986, the defendants, inmates at Stateville Correctional Center (hereinafter Stateville), cut the security bars on their windows, removed the screens, and lowered themselves to the ground using handmade ropes. The defendants then waited about 30 minutes before turning themselves in.

Defendant Richard McCue attempted to justify his escape. He testified the overall conditions within Stateville were inhumane and unjust. He voiced his complaints to the prison authorities on several occasions, e.g., the showers and exercise sessions were permitted too infrequently and the food quality was poor; nevertheless, the prison officials failed to respond.

McCue approached Ely about escaping so they could draw outside attention to the conditions within Stateville. If they were to break out and surrender, they could express their litany of grievances in a courtroom to judicial officials and related personnel following their indictments and during their court appearances. Regardless of an ample opportunity to consummate their escape, they surrendered to a prison guard. That way, they knew they would wind up in court, which they believed would be the most efficacious forum in which to voice their complaints.

Two other inmates testified on behalf of the defendants. One wit-

ness, Sideaci, confirmed the conditions of Stateville were deplorable. He knew the defendants publicly and privately complained about the conditions therein and planned to escape and surrender so they could voice their complaints in an alternative forum. These witnesses emphasized the defendants' and the other prisoners' complaints were continually unanswered by prison authorities.

The jury convicted both defendants as charged after hearing a caseworker at the prison state that the conditions there are in compliance with national and Illinois Department of Corrections standards. This consolidated appeal followed.

■ The defendants initially contend their convictions should be reversed because the State failed to prove they were convicted and committed to the Department of Corrections at the time they escaped from Stateville. We find the State proved this beyond a reasonable doubt. According to section 3—6—4(a) of the Unified Code of Corrections, the State is not required to prove the defendants were convicted of a felony. That section provides in part:

"A committed person who escapes or attempts to escape from an institution or facility of the Adult Division, *** is guilty of a Class 2 felony." Ill. Rev. Stat. 1987, ch. 38, par. 1003—6—4(a).

Alternatively, sufficient evidence was adduced at trial to prove this element. The witnesses testifying for the State stated each defendant was already committed to Stateville. The defense witnesses even testified the defendants were inmates at Stateville during the time in question. Each defendant testified they were incarcerated at Stateville on September 20, 1986. Following the defendants' testimony, the State on rebuttal introduced certified copies of the defendants' prior felony convictions for which they were imprisoned. According to the record, defense counsel admitted these defendants were convicted felons and inmates at Stateville. We find there was sufficient evidence introduced to prove each defendant was convicted and committed to Stateville.

■ The defendants next argue they were denied a fair trial when the trial judge ordered them handcuffed throughout their trial. The State moved to have both defendants shackled in leg irons during the trial. The trial judge denied the State's request after a vehement objection by defense counsel. The trial judge noted the inherent risk of restricting defendants' movement before a jury; however, the trial judge made it clear his ruling applied only to leg irons, not to handcuffs. The defense failed to object to the defendants being handcuffed; therefore, they waived any alleged error concerning this matter (*Peo-*

*ple v. Hyche* (1979), 77 Ill. 2d 229, 396 N.E.2d 6.) The failure to object waives any error and an objection on specific grounds waives any objection on other grounds. *People v. Hardy* (1979), 77 Ill. App. 3d 37, 395 N.E.2d 743.

■ Alternatively, the defendants were not denied a fair trial by being restrained throughout their trial in handcuffs. This is a discretionary determination with the trial judge. He may select the physical restraints, if any, most suitable in light of all the circumstances. (*People v. Boose* (1977), 66 Ill. 2d 261, 362 N.E.2d 303.) A defendant may be shackled when there is reason to believe that he may try to escape, he may pose a threat to the safety of the people in the courtroom, or if it is necessary to maintain order during trial. (*Boose*, 66 Ill. 2d at 266.) The supreme court in *Boose* enumerated factors which the trial judge should consider in determining whether a defendant should be shackled. Among these factors are: (1) the seriousness of the charge; (2) the defendant's temperament, character, age, and physical attributes; (3) his past record; (4) his past escapes and attempted escapes, and evidence of a present plan to escape; (5) threats to harm others or cause a disturbance; (6) the nature and physical security of the courtroom; and (7) the adequacy and availability of alternative remedies. *Boose*, 66 Ill. 2d at 266-67.

■ Looking at the totality of circumstances, the trial judge did not abuse his discretion in ordering these defendants handcuffed. Both defendants were charged with serious felonies. They were aware of courtroom procedure and obviously strong enough to escape confinement. Each had a record, especially Ely, who attempted to escape on at least four previous occasions. These two defendants acted together in their attempted escape, and there would be added risk if they acted together in attempting to escape from the courtroom. Finally, the trial judge was familiar with the nature and physical security of the courtroom and considered the alternative remedies. We are not in a position to second-guess the trial judge, who was in the best position to apply the factors listed by the supreme court to this situation. We find his decision was proper in light of the totality of the circumstances.

■ The defendants next complain that the trial judge abused his discretion by allowing the State to introduce physical evidence, photographs, and certain testimony regarding items found in the area from which the defendants escaped. We disagree. The evidence introduced was found within two days of their attempted escape and served as further proof of the offense. The propriety of admitting physical evidence rests primarily with the trial judge, whose decision will not be

disturbed absent an abuse of discretion which prejudices the defendant. *People v. Melchor* (1985), 136 Ill. App. 3d 708, 483 N.E.2d 971.

█ The evidence introduced consisted of homemade ropes made of bedsheets and blankets, string, and a knife. Photographs of the ropes and string were introduced, and testimony about the knife was permitted. Each side is permitted to present the best case it sees fit. The defendants claim this evidence was not sufficiently linked to them; therefore, it was an abuse of the trial judge's discretion to allow it introduced. The defendants should have attempted to correct this during the presentation of their case or on cross-examination, not at the review stage. The defendants should have pointed out the lack of probative value of the evidence, but its admission should not have been barred. (See *People v. Scott* (1963), 29 Ill. 2d 97, 193 N.E.2d 814.) The question of relevance is highly discretionary with the trial judge. The trial judge did not abuse his discretion with respect to the same. *People v. Jones* (1961), 22 Ill. 2d 592, 177 N.E.2d 112.

█ The defendants contend the trial judge abused his discretion by allowing the introduction of evidence of Ely's prior escape from Stateville nine months prior to this attempted escape. We disagree for many of the same reasons which have already been elaborated.

Following the defendants' case in chief, which centered on their lack of intent to escape from Stateville, the State sought to present evidence of defendant Ely's successful 1985 escape from Stateville. Evidence of the defendant committing another offense is generally inadmissible, unless it is admitted for a purpose other than to show the defendant's propensity to commit this crime. (*People v. Baptist* (1979), 76 Ill. 2d 19, 389 N.E.2d 1200.) Evidence which tends to show motive, intent, identity, absence of mistake, or *modus operandi* is admissible. (*People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 489.) In this case, the trial judge carefully and specifically cautioned the jury the evidence of this prior escape was only for the purpose of showing Ely's intent. We find the trial judge did not abuse his discretion regarding this matter. Since the previous offense was similar, if not identical, to the present one, we find that as further reason to uphold the trial judge's ruling. See *People v. McKibbins* (1983), 96 Ill. 2d 176, 449 N.E.2d 821.

█ The defendants' final contention is that reversible error occurred in allowing the State to make inflammatory remarks during closing argument. The defendants have waived most of the alleged errors by not presenting them in the post-trial motion. (*People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227.) The post-trial motion must be sufficiently specific in that it should contain specific remarks

rather than general allegations in order to preserve that for review. *People v. Thomas* (1983), 116 Ill. App. 3d 216, 452 N.E.2d 77.

The defense, however, preserved the claim of whether reversible error occurred when the prosecutor accused defense counsel of engaging in trickery or misrepresentation. Attorneys are allowed considerable leeway in making closing and rebuttal arguments. (*People v. Simms* (1988), 121 Ill. 2d 259, 520 N.E.2d 308.) The character and scope of a closing argument is left very largely to the trial judge, and every reasonable presumption must be indulged in order to find the trial judge properly exercised the discretion left in him. (*People v. Smothers* (1973), 55 Ill. 2d 172, 302 N.E.2d 324.) The trial judge was in the best position to determine whether the remarks made by the prosecutor during closing arguments so prejudiced the defendants that they did not receive a fair trial. We find nothing so inflammatory that could not have been promptly corrected at the trial stage. We believe the trial judge properly found the prosecutor's remarks nonprejudicial and the defendants were not denied a fair trial.

Based on the foregoing, the circuit court of Will County is hereby affirmed.

Affirmed.

STOUDER, P.J., and HEIPLE, J., concur.