## 46919. MUNDY v. THE STATE.
(385 SE2d 666)

BELL, Justice.

The appellant, Harold O. Mundy, was convicted of malice murder and sentenced to life imprisonment.[1] He appeals, and we affirm.

On January 9, 1988, the appellant drove with two other men, Luc Van Bui and John Mundy, from South Carolina to a housing project in Augusta, Georgia, to buy marijuana. They obtained marijuana at the project, but only after a confrontation during which the appellant pulled out a pistol and fired it in the air. The appellant and his companions left the project, smoked the marijuana, and later drove back to the project. On that occasion the appellant fired numerous shots from an M-1 carbine. One of the shots struck and killed the victim, Michael Anderson.

---

[1] The victim was killed on January 9, 1988. Mundy was indicted on May 26, 1988, and was tried on October 17-20, 1988. He was sentenced to life imprisonment on November 21, 1988. Mundy moved for a new trial on November 28, 1988. The court reporter certified the trial transcript on December 21, 1988, and the court denied the motion for new trial on March 15, 1989. Mundy filed his notice of appeal on March 16, 1989, and the clerk of the trial court certified the record on April 5, 1989. The appeal was docketed in this court on April 13, 1989, and was submitted for decision without oral argument on May 26, 1989.

1. We find that the evidence was sufficient to support the verdict beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mundy contends that the trial court erred in admitting a photograph of the victim lying in a pool of his own blood at the crime scene. However, we find no abuse of discretion. *Hicks v. State*, 256 Ga. 715, 720 (13) (352 SE2d 762) (1987).

3. Mundy asserts that the trial court erred in denying his motion for a mistrial and in refusing to give curative instructions during the direct examination of his co-defendant, Luc Van Bui, by Luc Van Bui's counsel. We find no merit to Mundy's argument because the state took no part in eliciting the testimony. *Johnson v. State*, 258 Ga. 506 (3) (371 SE2d 396) (1988).

4. Mundy argues that the trial court erroneously allowed the prosecution to enter evidence of bad character when, during the cross-examination of Mundy, the prosecution asked whether Mundy had been married to the mother of Mundy's girl friend. However, because Mundy did not assert this objection at trial, we will not consider it for the first time on appeal. *White v. State*, 255 Ga. 210 (3) (336 SE2d 777) (1985).

5. Mundy contends that the trial court violated OCGA § 24-3-10 by admitting testimony given at a preliminary hearing by Mundy's girl friend, Donna Kincaid. We find that although Mundy's counsel objected at trial to the admission of Kincaid's testimony, he failed to base his objection on OCGA § 24-3-10. We therefore hold that he did not preserve the issue for appeal. *White*, supra, 255 Ga.

6. Before trial the prosecutor mailed a police report to Mundy's counsel, but counsel did not receive it until after trial. Mundy contends that information in the report was exculpatory, and that the prosecutor's failure to ensure that he received the information before trial violated the requirements of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

We disagree, as we find that the information was "not material in the sense that there was a reasonable probability that the disclosure of [the information] could have caused a different outcome in the trial of the appellant." *Rogers v. State*, 257 Ga. 590, 592 (3) (361 SE2d 814) (1987).

7. Mundy claims that the trial court erred in charging the jury that intent to kill may be inferred from the use of a deadly weapon. Mundy maintains that the trial court's charge was burden-shifting because the charge did not contain language instructing the jury that the inference of guilt was within the jury's discretion. We find no merit to this enumeration. "While it would be desirable to include language reaffirming that it is within the jury's discretion whether or not it will draw such an inference, the charge considered in its en-

tirety was not burden-shifting." *Thompson v. State*, 257 Ga. 481, 483 (6) (361 SE2d 154) (1987).

8. Mundy makes two contentions that challenge the constitutionality of OCGA § 16-5-1 (b), which defines malice murder. His first contention is that the statute is unconstitutionally burden-shifting, and that the portion of the court's jury charge that was based on § 16-5-1 (b) was likewise unconstitutionally burden-shifting. This argument has no merit. *Hosch v. State*, 246 Ga. 417 (5) (271 SE2d 817) (1980); *Franklin v. State*, 245 Ga. 141, 154 (9) (263 SE2d 666) (1980).

Mundy's remaining contention concerning the constitutionality of OCGA § 16-5-1 (b) presents no reversible error, as it is unsupported by argument or citation of authority. We therefore deem it abandoned under Supreme Court Rule 45.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 30, 1989.

*Garrett & Johnson, Peter D. Johnson,* for appellant.

*Michael C. Eubanks, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General,* for appellee.