## A89A1916. ROBINSON v. THE STATE.
### (390 SE2d 652)

BIRDSONG, Judge.

Appellant, Ambrose Robinson, was convicted of possession of cocaine with intent to distribute in violation of the Georgia Controlled Substances Act. He appeals his conviction and sentence and asserts four enumerations of error. *Held*:

1. Appellant asserts as his first two enumerations of error the general grounds and that the verdict is against the weight of the evidence because the evidence of record will only support conviction for simple possession. We disagree.

Possession with intent to distribute can be proven by circumstantial as well as direct evidence. See, e.g., *Hunter v. State*, 190 Ga. App. 52, 54 (2) (378 SE2d 338). The evidence of record reflects, inter alia, the police had evidence that cocaine was being sold from the premises; people were coming and going out of the residence; on the day of the search appellant and four other persons were in the residence seated on a sofa; appellant kept his clothes on the premises and stayed there at times; appellant was seen by a policeman dropping a matchbox on the floor; the matchbox contained twenty-one pieces of (crack) cocaine; people keep cocaine in small boxes so it cannot be easily found; eighteen other pieces of cocaine were found scattered on the sofa; the cocaine on the sofa was cut into ten and twenty dollar pieces; the cocaine in the matchbox was all in ten dollar pieces; and, cocaine normally is cut for distribution in ten and twenty dollar pieces.

To support the verdict of guilty of possession of cocaine with intent to distribute "[c]ircumstantial evidence must exclude only reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt." *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Appellate courts do not weigh the evidence or determine witness credibility, but look only to determine evidence sufficiency. *Banks v. State*, 185 Ga. App. 851, 853 (3) (366 SE2d 228). On appeal from a finding of guilty, evidence must be viewed in the light most favorable to the verdict, and the presumption of innocence no longer avails. *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849). Viewing the evidence as required, we conclude that the jury rationally could have found that every reasonable hypothesis was excluded except that of the defendant's guilt. There was ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant asserts that the trial court erred in allowing introduction of appellant's statement over objection.

At the *Jackson-Denno* hearing the trial court found: "[T]he statement . . . was freely, voluntarily, knowingly, and intelligently made by the defendant, typed by the witness . . . or someone at his direction *on language which was given to him by the defendant* and that this is a free, voluntary, knowing and intelligent statement given after the defendant had been advised of his *Miranda* [r]ights and he fully understood those and having indicated his understanding by signing a rights form which was done voluntarily and freely on his part." (Emphasis supplied.) The record reflects that appellant made the statement without promise of benefit or reward, and without force, threats or coercion. Additionally, the record reflects that the appellant waived his *Miranda* rights in writing.

In determining the voluntariness of a confession, an appellate court may look to all the evidence contained in the record. *Stapleton v. State*, 235 Ga. 513, 516 (1) (220 SE2d 269). The findings of a trial court as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless clearly erroneous. *Terry v. State*, 259 Ga. 165 (2) (377 SE2d 837). Moreover, the fact that the statement may not have been a complete rendition of everything the appellant said to the police would affect only the weight to be accorded the statement by the factfinder and not its admissibility. Considering the totality of the circumstances, we find that the trial court's determination was not clearly erroneous, and that there was no error in the admission of the statement.

3. Appellant asserts that the trial court erred in failing to charge the jury as to the lesser offense of simple possession. The trial record does not contain a written request for such a charge. "A trial judge

never errs in failing to include a charge on a lesser included offense unless there is a written request to charge." *Mosley v. State*, 257 Ga. 382, 383 (2) (359 SE2d 653).

*Judgment affirmed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 7, 1990.

*H. B. Edwards III*, for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.