A90A1943. NORMAN v. THE STATE.
(398 SE2d 395)

BIRDSONG, Judge.

Cecil B. Norman appeals his sentence resulting from his conviction of aggravated assault by shooting his wife in the chest with a deadly weapon.

Appellant's wife testified appellant shot her in the chest with a pistol, and several witnesses testified as to res gestae statements made by the wife concerning the incident. Certain expert witnesses testified regarding such matters, inter alia, as gunpowder residue and cartridge markings. A doctor testified that it was unlikely the wound was self-inflicted if the victim was right-handed, but it was possible the gun could have been held in an unnatural position during a struggle for control of it when it discharged.

Appellant testified his wife had attempted to commit suicide and that the gun had accidentally discharged as he attempted to prevent her from killing herself. Appellant also presented several character witnesses, and expert testimony which tended to show that the incident could have occurred as claimed by the defense. *Held:*

1. On appeal evidence must be viewed in the light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. *Robinson v. State*, 194 Ga. App. 432, 433 (1) (390 SE2d 652). Review

of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant asserts it was error to permit the unsworn prior statement of the wife to be admitted in evidence as an exhibit available to the jury.

Appellant specifically argues and offers citations of authority in his brief on the sole issue that it was reversible error to allow a prior written statement of a witness to be taken out with the jury for its review during deliberation. The record reflects that appellant failed to make a timely objection on this specific ground at trial, although he did object to the admission of the statement on other grounds not now asserted. "If counsel desires to preserve an objection upon a specific point for appeal, the objection must be made at trial upon that specific ground." *Ray v. State*, 187 Ga. App. 451, 452 (370 SE2d 629); compare *Mundy v. State*, 259 Ga. 634 (5) (385 SE2d 666). An objection on a specific ground at trial waives any objection to that evidence on other grounds on appeal. *People v. Hardy*, 395 NE2d 743 (5) (A.C. Ill.) Moreover, "the court properly permitted these exhibits to go to the jury room in the absence of a proper objection." *Sanders v. State*, 246 Ga. 42 (2) (268 SE2d 628).

Appellant apparently has elected not to argue or cite authority in direct support of this enumeration that it would constitute prejudicial error merely to admit evidence of the note written to the police by the victim as she lay severely wounded in her house shortly after the shooting, or by allowing its reading to the jury. See generally OCGA § 23-3-3; *Houston v. State*, 187 Ga. App. 335, 340 (5) (370 SE2d 178); *Cowart v. State*, 179 Ga. App. 108 (345 SE2d 655). Accordingly, these particular issues, even if tacitly contained within the scope of this enumeration, are deemed to be abandoned. Court of Appeals Rule 15 (c) (2).

3. Appellant asserts that it was error, and a violation of due process and equal protection under the laws of the United States and the State of Georgia, to exclude testimony of the prior consistent statement of the appellant, particularly in conjunction with the admission over objection of the prior unsworn consistent statements of the prosecutrix.

These assertions of a violation of appellant's constitutional rights of due process and equal protection were not timely raised and ruled upon by the trial court. Constitutional issues not raised below are not preserved for appeal. *Meders v. State*, 260 Ga. 49 (2) (b) (389 SE2d 320); *Allen v. Montgomery Ward &c.*, 186 Ga. App. 337, 339 (2) (367 SE2d 120).

Regarding the inadmissibility of appellant's out-of-court statements wherein he had described the shooting as an accident, we find *Grude v. State*, 189 Ga. App. 901 (2) (377 SE2d 731) controlling, and *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) distinguishable for the reasons expressed in *Grude*. We are satisfied that no error was committed in this particular instance.

Moreover, we note the record is replete with testimony of both the appellant and defense witnesses that, from the time of the initial statements of appellant's wife, her husband had shot her, appellant staunchly maintained the incident had not happened in that manner. In fact, appellant's wife testified *"every time* I said that [appellant] shot me I heard him saying . . . no, no, she's all mixed up, she's all wrong, that's not the way it was. . . ."* Further, police officer Smith testified that appellant said "he was leaving for work. . . . [H]e turned around and [his wife] was getting ready to shoot herself and he tried to struggle the gun away and it went off." In view of the posture of the record, assuming arguendo error occurred in excluding the so-called prior consistent statement of appellant, we are satisfied beyond a reasonable doubt that the error, even if of constitutional magnitude, did not contribute to the verdict. Even "[a] constitutional error . . . will not require reversal if it can be shown to the court beyond a reasonable doubt that the evidence did not contribute to the conviction." *Moore v. State*, 254 Ga. 674, 677 (333 SE2d 605).

4. Appellant asserts that it was error to permit his wife in unresponsive remarks throughout the trial to attack the general good character of appellant, although he had not yet put his own good character into issue. Specifically, appellant argues that as a result of continual allegations of past and current infidelity, allegedly unsupported by any proof, he was placed on trial less for the alleged assault than on the issue of his "marital success."

Appellant asserts, inter alia, that he had a continuing objection to references to his infidelity and marital separation contained in the wife's handwritten note to the police, State's Exhibit 8, and by implication argues that this continuing objection was broad enough also to include that portion of the testimony of the wife (and any other witnesses) which, although not directly concerning the note, informed the court of appellant's relationship with another woman and of his marital separations.

Review of the record reveals appellant filed a motion in limine to the introduction of evidence as to the break-up of the marriage and as to appellant's past or current adulterous behavior; however, the specific objection therein posed to this evidence was that "[a]n objection made at trial would not be sufficient to protect against the prejudicial impact this irrelevant information would have on the jury." This specific objection most broadly interpreted is thus one of both logical and

legal relevancy, the latter grounds raising the issue of whether the probative value of the evidence was substantially outweighed by its potential for prejudice. Appellant thereafter posed no timely objections, during trial, to the introduction of such evidence on any other grounds, but tendered a motion for mistrial after the trial court completed his charge to the jury. Appellant has elected not to enumerate as error the trial court's denial of his belated mistrial motion, thus that issue is not before us on review. "Matters not enumerated as error will not be considered on appeal." *Rider v. State*, 226 Ga. 14 (2) (172 SE2d 318).

Assuming without deciding the record adequately supports appellant's claim that a continuing objection existed on the above grounds to all evidence of marital separation or infidelity, and not merely to that relating to the "underlying problems . . . that led to any psychiatric condition that [appellant's wife] might have," we find nevertheless that this enumeration is without merit.

Appellant has waived any grounds for objection to this evidence, *other than that of logical and legal relevancy*, because he did not make any other timely, specific objections at trial to the introduction of this evidence (*Ray*, supra; *Mundy*, supra; *People v. Hardy*, supra), and because the scope of any continuing objection, at best, extended only as to objections of relevancy and prejudice as asserted in the motion in limine and reasserted in the out-of-court hearing pertaining thereto.

Admissibility of evidence is a matter which rests largely within the discretion of the trial court. *Santone v. State*, 187 Ga. App. 789, 792 (371 SE2d 428). "Unless the potential for prejudice in the admission of evidence substantially outweighs its probative value, the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it." (Citations and punctuation omitted.) *West v. Nodvin*, 196 Ga. App. 825, 828 (3) (b) (397 SE2d 567) (1990).

"If evidence is relevant and material to an issue in a case, it is not inadmissible because it incidentally puts the defendant's character in issue." (Punctuation omitted.) *Baxter v. State*, 254 Ga. 538, 547 (16) (331 SE2d 561). Clearly the evidence regarding appellant's marital separations and relationship with another woman was relevant as to his motive, intent and state of mind. Moreover, the same evidence also happened to be relevant to appellant's defense. Appellant in essence claimed his wife had attempted suicide, and the evidence of his past marital separations and conduct with another woman could provide a motive for her attempted suicide. In fact, appellant made admissions in open court, during his direct examination, that he was

having marital difficulties with his wife, that he and his wife were separated on some occasions, that he entered a marital agreement which, in part, specified he would stay away from a certain woman, and that he had "boarded" at the woman's house at times.

Considering the posture of the record, particularly the obvious trial strategy employed by appellant in his defense, we find that the trial court did not abuse its discretion in permitting the introduction of the evidence in question, even in the face of a continuing objection on the grounds of logical or legal relevancy. Compare *Mingo v. State*, 259 Ga. 394 (2) (382 SE2d 594) and *Baxter*, supra at 547 (16).

Moreover, as to State's Exh. 8, the wife's note to the police, "[t]he court clearly invoked the res gestae rule (OCGA § 24-3-3) that the state is entitled to inform the jury of all the circumstances surrounding the commission of the crime or crimes charged and we find no error in admitting this evidence as part of the res gestae even though it may have incidentally placed the defendant's character in evidence." (Citations and punctuation omitted.) *Houston*, supra at 340.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

## On Motion for Rehearing.

We have considered appellant's motion for rehearing and adhere to our opinion. We also find appellant's belated assertion and affidavit to the effect that he raised certain constitutional issues in the motion for new trial unpersuasive. The record contains a document captioned "Notice of Appearance And Motion For New Trial," which pertinently states: "The Defendant . . . moves the Court for a new trial upon the following grounds, to wit: 1. Because the verdict is contrary to the evidence and without evidence to support it; 2. Because the Verdict is decidedly and strongly against the weight of the evidence to support it; 3. Because the verdict is contrary to law, and the principles of justice and equity; 4. Because of the ineffective assistance of counsel." The motion for new trial does not expressly assert any constitutional errors, and the order of the trial court denying the motion does not contain any express rulings on constitutional issues.

We decline to consider the affidavit attached to appellant's motion for rehearing. A motion for rehearing or attachment thereto, like a brief, cannot be used as a procedural vehicle for adding evidence or fact representations to the record. *Ross v. State*, 195 Ga. App. 624, 625 (2) (394 SE2d 418). Moreover, we are satisfied beyond a reasonable doubt that in view of the posture of the record none of the errors asserted by appellant contributed to his conviction.

*Motion for rehearing denied.*

338

Decided October 5, 1990 —
Rehearing denied October 19, 1990.

*Sinnreich & Francisco, Elizabeth R. Francisco,* for appellant.
*Edward D. Lukemire, District Attorney, Shelley S. Howard, Assistant District Attorney,* for appellee.