A92A2157. WATERS v. THE STATE.
(427 SE2d 94)

ANDREWS, Judge.

Waters was tried and convicted of armed robbery and burglary and appeals.

1. In his first enumeration of error, Waters claims that the trial

court "erred by not striking the improper and prejudicial remarks of the prosecution in giving a curative instruction to the jury." Although the enumeration as worded is unclear, Waters' supporting argument seems to claim that the trial court erred in allowing testimony which put his character into issue.

First, Waters complains that the district attorney improperly placed his character in issue during his examination of a rebuttal witness, in that the witness referred to the fact that he had spoken with Waters while both men were in jail. Waters' objection is that the reference to the fact that he was in jail improperly places his character in issue. This claim is without merit for a myriad of reasons, but because no objection was made at trial, we will not consider the merits of this argument here. See *Mundy v. State*, 259 Ga. 634 (4) (385 SE2d 666) (1989).

Secondly, Waters argues that the trial court erred in allowing his mother to testify that his brother was in jail and that this was improper since the jury could conclude that Waters was "guilty by association." Again, there are a number of reasons this argument lacks merit.

One focus of defense counsel's examination of Waters' mother was the physical similarities between Waters and his brother. Defense counsel asked Waters' mother if she thought this was a "case of mistaken identity." On cross-examination, the State elicited the testimony from Waters' mother that Waters' brother was in prison at the time in question and thus could not have committed the crimes. We find no error in the allowance of this testimony.

2. In his second enumeration, Waters claims that for the above reasons, the trial court erred in denying his motion for new trial or motion for mistrial. Further, he claims that a mistrial was warranted in that the rebuttal witness discussed above used the term "jail mate" to refer to Waters. First, we are unable to find the objected-to term in the transcript. Further, for the reasons stated above, we find these arguments without merit.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 15, 1993.

*B. Jean Crane*, for appellant.

*William A. Foster III, District Attorney, Jeffrey L. Ballew, Assistant District Attorney*, for appellee.