A93A0717. BUCKNER v. THE STATE.
(433 SE2d 94)

BIRDSONG, Presiding Judge.

Harold Buckner appeals his judgment of conviction of aggravated assault with intent to rob and the sentence. He contends the trial court erred when it allowed testimony and documentary evidence of the victim's pretrial identification of the co-defendant at a photographic lineup, on the grounds such evidence was irrelevant and served only to bolster the identification testimony of the victim.

The victim testified two men in a Cadillac passed him; one man exited the vehicle and assaulted him with a .25 caliber automatic pistol; the victim threw his wallet in the bushes and ran. Shortly thereafter, he saw the same Cadillac driving by, followed and got its tag number; at that time, he also observed the two male occupants and recognized the passenger as the person who had attempted to rob him. The victim made an in-court identification of appellant, but expressed uncertainty as to the accuracy thereof. He testified to his identification of both appellant and the co-defendant during a pretrial photographic lineup, and stated he was certain as to those identifications at the time they were made.

An off-duty police lieutenant saw the Cadillac, followed it and arrested the two men; the men arrested were the co-defendant and appellant. A .25 automatic pistol was found in the car under the driver's side seat. This pistol was identified in court by the lieutenant, and by the victim who testified that to the best of his recollection it appeared to be the same weapon as was used at the crime scene.

The co-defendant, under a grant of use or derivative use immunity, testified, inter alia, that he offered appellant a ride in the Cadillac; appellant asked him to follow a man who was walking down the street in the vicinity of the crime scene; the co-defendant did this twice; appellant then exited the car; a short time later the co-defendant saw appellant walking and he picked him up again, and it was appellant who threw the pistol on the car floorboard.

A police officer testified, over objection, that the victim had made a pretrial identification of the co-defendant during a photographic lineup.

Appellant testified and admitted riding in the co-defendant's car on the night in question but denied commission or knowledge of the crime. *Held*:

1. (a) Appellant failed to raise either at trial or in his enumeration of error, the victim's in-court and pretrial identification of appellant. Accordingly, these issues are not before us on appeal. Compare *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522) with *Ray v. State*, 187 Ga. App. 451, 452 (370 SE2d 629).

(b) The trial court did not abuse its discretion in admitting the testimony of the victim and the corroborating testimony of the police officer regarding the victim's prior, consistent pretrial identification of the co-defendant in a photographic lineup. Both the police officer and the victim testified at trial and were subject to cross-examination. This testimony was admissible as a prior consistent statement or prior consistent testimonial act of the victim. Compare *Tankersley v. State*, 261 Ga. 318, 322 (6) (404 SE2d 564); see *Jarrells v. State*, 258 Ga. 833, 837 (14) (375 SE2d 842), citing *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661). Moreover, the victim's pretrial identifications of appellant and co-defendant, as being the persons riding together in the automobile in which they ultimately were arrested and in which the .25 caliber pistol was found, were relevant within the meaning of OCGA § 24-2-1. If evidence is relevant, no matter how slightly, it generally should be admitted and its weight left to the jury. *Norman v. State*, 197 Ga. App. 333, 336 (4) (398 SE2d 395).

(c) Appellant's in-court identification by the victim had an "independent origin" from that of the contested pretrial identifications, and would not be rendered inadmissible even had error occurred in the pretrial identification procedure. *Martin v. State*, 193 Ga. App. 581, 583 (1) (388 SE2d 420); *Brown v. State*, 192 Ga. App. 187, 189 (1) (384 SE2d 254). The uncertainty expressed by the victim regarding his in-court identification of appellant was merely a factor to be considered by the jury in determining the weight of this testimony.

In view of the overwhelming evidence of appellant's guilt, even had error occurred in the admission of testimony and documents regarding the victim's pretrial identification of the co-defendant, we are

satisfied beyond a reasonable doubt that such error would be harmless. *Palmer v. State*, 186 Ga. App. 892, 897 (3) (369 SE2d 38).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JUNE 17, 1993.

*John H. Tarpley*, for appellant.

*J. Tom Morgan III*, District Attorney, *Barbara B. Conroy, John H. Petrey, Stacy Y. Cole*, Assistant District Attorneys, for appellee.