A97A1645. CHESSER v. THE STATE.
(491 SE2d 213)

BIRDSONG, Presiding Judge.

Larry Lamar Chesser appeals his conviction of arson in the first degree in Clayton County. He enumerates three errors. *Held*:

1. Appellant asserts the trial court erred in admitting a display map and computer summary of appellant's Newton County volunteer firefighter activities, as there was no USCR 31.3 hearing to determine the admissibility of these prior alleged transactions and as they were not offered for a permissible purpose. Appellant also contends that it was error to admit these documents, as they do not illustrate

appellant's motive but rather are inadmissible evidence of appellant's bad character and/or constitute unindicted prior transactions.

(a) At trial, appellant made no objection based on the several grounds asserted in his enumeration of error no. 1; rather, he only objected to the introduction to SE-54 on the grounds that it was hearsay and that the witness who identified it had no personal knowledge thereof. The witness thereafter testified that he had personal knowledge of how the statistics were obtained for marking the map, what each pin on the map represented and that he either personally inserted the various pins into the map or was present and monitored the placement of the pins. The State also tendered a computer printout that was used in compiling the statistics which were indicated by the various colored pins on the map. Appellant expressly stated that he had no objection to the tender of the computer printout, SE-55, at trial.

Having expressly declined to make a timely objection at trial to the admission in evidence of the computer printout, appellant has waived this issue on appeal, and in essence acquiesced in the trial court's ruling. *Denham v. State*, 218 Ga. App. 191, 192 (2) (a) (460 SE2d 869).

At trial, appellant failed to object to the admissibility of the map on the same grounds as asserted in his enumeration of error and brief; accordingly, he has waived on appeal all issues of admissibility to which he failed to pose a timely, specific objection at trial. *Ray v. State*, 187 Ga. App. 451, 452 (370 SE2d 629); *Frymyer v. State*, 179 Ga. App. 391 (3) (346 SE2d 573). Likewise, he has waived on appeal all issues of admissibility not reasonably contained within the enumeration of error, regardless whether such issues were subject to a timely objection at trial. *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649).

Further, it is too late to pose for the first time in a motion for new trial an original objection to evidence admitted at trial or to modify or expand the scope of an objection made at trial. Compare *Sanders v. State*, 134 Ga. App. 825, 826 (2) (216 SE2d 371). This holding is consistent with the established rule that " 'in order to preserve a point of error for the consideration of an appellate court, counsel must take exception to the alleged error at the earliest possible opportunity in the progress of the case by a proper objection made a part of the record.' " *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (1) (476 SE2d 722). In this State, with limited exception not here applicable (see generally *Sharpe*, supra at 271), it is necessary to object to evidence at the time it is actually offered. *Jackson v. State*, 217 Ga. App. 485, 488 (4) (a) (458 SE2d 153) (objection raised after State had rested its case was too late).

(b) No evidence was offered that any of the fires depicted on the

map had been set by appellant; rather, the information contained on the map showed the unusually high number of fires which appellant either had called in, been the first person at the fire scene, or had otherwise participated as a volunteer fireman at the fire scene. In the interest of judicial economy, we also find that contrary to appellant's contention, to the extent that the display map and computer summary tend to show that appellant reported an excessive number of fires, these exhibits have independent relevance as to appellant's motive, course of criminal conduct, scheme, and bent of mind. Assuming without deciding that the information contained in these exhibits, in fact, incidentally placed defendant's character in issue, it still would not be error to admit them in evidence. " 'While motive is not an essential element in the proof of the crime of [arson], the State is entitled to [show a possible motive for the arson].' [Cit.] Such evidence is relevant to an issue in the case and is not rendered inadmissible merely by the fact that it incidentally places the defendant's character in issue." *Whitener v. State*, 261 Ga. 567, 568 (2) (407 SE2d 735); see *Norman v. State*, 197 Ga. App. 333, 336 (4) (398 SE2d 395). " '[T]he Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it.' " Id. " 'Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court.' " *Santone v. State*, 187 Ga. App. 789, 792 (371 SE2d 428). The posture of the trial transcript does not support a finding that the trial court abused its discretion in the admission of this relevant evidence. In view of our holding in Division 1 (a), above, we decline to address the other grounds asserted in appellant's first enumeration of error.

2. Appellant contends the trial court committed reversible error by admitting in evidence a certified copy of a co-defendant's plea, sentence and arson conviction in Butts County (State's Exhibit No. 51 (S-51)), as appellant was not convicted for this crime and it portrayed him and the co-defendant as a working team, thereby denying appellant a fair trial. In his brief, appellant also argues that this act was not one of the three offered in the State's USCR 31.3 notice. Although this latter issue is beyond the reasonable scope of appellant's enumeration of error no. 3, as crafted, none of the issues asserted by appellant regarding this enumeration has been preserved on appeal.

The State tendered S-49 which pertained to the co-defendant's conviction for an arson committed in Butts County; it was admitted without objection. Because appellant failed to object timely to the admission of this evidence on the grounds he now asserts on appeal, he cannot complain of such error on appeal. *Lawton v. State*, 259 Ga.

855, 856 (2) (388 SE2d 691).

The record, however, reflects that S-51 was also admitted in evidence but that this exhibit pertained inter alia to co-accomplices and appellant's indictment for an arson of the Red Oak United Methodist Church in Henry County. We first hold that any error arising from the introduction of S-51 was not preserved for appeal, because this exhibit pertained to the burning of the Red Oak United Methodist Church, located in Henry County, and thus is beyond the reasonable scope of appellant's enumeration of error no. 3, as crafted. An enumeration of error cannot be enlarged by a brief to give appellate viability to an issue not reasonably contained in the original enumeration. *Krebsbach v. State*, supra. Additionally, appellant objected in the jury's presence to the introduction of S-51 without stating the specific grounds for the objection. Following this bare objection, a bench conference was held. The transcription of this bench conference establishes that appellant failed to make a specific objection in proper form to the admission of S-51; rather, appellant merely requested that the trial court "keep it open to his name being there just as part of this indictment." For this additional reason, no issue as to the admission of this document has been preserved on appeal. "Where appellant fails to pose timely a specific objection in proper form to [the admission of documentary evidence], an appellate court is precluded from reviewing the . . . issue on appeal." *Unden v. State*, 218 Ga. App. 463, 465-466 (4) (462 SE2d 408); compare *McGee v. State*, 205 Ga. App. 722, 727 (9) (423 SE2d 666) (a request for the trial court to act is not the proper form for an objection or motion).

Additionally, assuming arguendo that the nebulous remarks of appellant's counsel at trial may be considered as a specific objection to S-51 on the grounds that the exhibit contained the name of appellant, appellant obtained the only relief to which he was entitled based on this particular objection when the trial court directed that S-51 be redacted so as to delete appellant's name before it was allowed to go out with the jury. "In no case will the trial judge's ruling be reversed for not going further than requested." *Lyon v. State*, 262 Ga. 247, 248-249 (3) (a) (416 SE2d 523). In any event, as appellant did not specifically object at trial to S-51 on the grounds that defendant was thereby denied a fair trial because S-51 portrayed him and the co-defendant as a working team, this issue would not be preserved on appeal. *Mundy v. State*, 259 Ga. 634, 635 (5) (385 SE2d 666).

Finally, even if error had occurred in the admissions of S-49 and 51, it was harmless, as it is highly probable that such error would not affect the verdict, as appellant's name was not included in S-49, appellant's name was redacted from S-51 before it went out with the jury, and the witness had already testified, without objection (see

generally *Smarr v. State*, 199 Ga. App. 572, 573 (2) (405 SE2d 561)), that appellant was involved in the burning of the Red Oak United Methodist Church — the property involved in the arson depicted in S-51. Moreover, "[e]vidence is harmless where admissible evidence of the same fact is before the jury." *Scott v. State*, 206 Ga. App. 23, 26 (1) (c) (424 SE2d 328). For each of the above-discussed reasons, appellant's third enumeration is without merit.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED AUGUST 15, 1997.

*Elizabeth A. Baker*, for appellant.

*Robert E. Keller, District Attorney, Nancy T. Bircher, Assistant District Attorney*, for appellee.