## A99A0762. KANJI v. THE STATE.
### (522 SE2d 234)

RUFFIN, Judge.

A jury convicted Azim Nizarali Kanji of one count of criminal attempt to commit armed robbery. In his sole enumeration of error on appeal, Kanji contends the trial court erred in admitting an audio tape recording that included the testimony of a person who was not listed on the State's witness list. Kanji's contention lacks merit, and we affirm.

On August 8, 1996, the Clayton County Police Department received a call about a robbery in progress at a convenience store. The police officers who responded to the call arrested Kanji, Quan Thompson, and J. W., a juvenile. At trial, J. W. testified that he, Kanji, and Thompson planned to rob the convenience store and that Kanji's job was to drive the getaway car. In addition to J. W.'s testimony, the State tendered a written statement made by J. W. and an audio tape of an interview with J. W., each of which implicated Kanji in the robbery attempt. At the beginning of the audio tape, the police recorded J. W.'s mother, who gave her name and acknowledged that the police had her permission to question her son.

Kanji objected to the admission of the tape because the State failed to provide J. W.'s mother's name on its witness list in response to Kanji's discovery request. According to Kanji, J. W.'s mother's statement was harmful because it suggested that J. W.'s statement was voluntary when, in fact, the statement was made under duress.

"A defendant has a constitutional and statutory right to a list of State witnesses before trial." *Mize v. State,* 269 Ga. 646, 653 (7) (501 SE2d 219) (1998). This Court has held that the State must provide the defendant with "a list of the witnesses on whose testimony the charge against the accused is founded." *Campbell v. State,* 149 Ga. App. 299, 300 (3) (254 SE2d 389) (1979). As the statement made by J. W.'s mother did not address the charge against Kanji, it is not clear that the State had any obligation to provide her name as a witness. Pretermitting whether the State should have listed her as a witness, we find no error. The purpose of providing a defendant with the names of the State's witnesses is "to prevent a defendant from being

surprised at trial by a witness that the defendant has not had an opportunity to interview." *Mize*, supra; *Johnson v. State*, 232 Ga. App. 717, 719 (1) (b) (503 SE2d 603) (1998). Here, the State provided Kanji with a transcript of the audio tape before trial. Accordingly, Kanji cannot — and does not — claim surprise. As the purpose of the witness list rule was fulfilled, we find no error. *Mize*, supra.

To the extent that Kanji attempts to challenge the voluntariness of J. W.'s statement on appeal, this issue is not properly before us. Kanji did not enumerate this as error, and he is precluded from enlarging his sole enumeration of error to encompass this issue. *Lucas v. State*, 234 Ga. App. 534 (507 SE2d 253) (1998); *Chesser v. State*, 228 Ga. App. 164, 165 (1) (a) (491 SE2d 213) (1997).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 27, 1999.

*Patricia F. Angeli*, for appellant.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.