## 29925. LINDSEY v. THE STATE.

INGRAM, Justice.

Appellant was indicted for murder and two counts of aggravated assault in the Superior Court of Coffee County. The trial court severed the aggravated assault charges. Appellant was found guilty of murder by a jury and subsequently was sentenced to life imprisonment for this offense.

Appellant was married to but separated from the victim's sister. He had gone to the house where the victim, the victim's brother, his wife and the victim's mother lived. An argument began between appellant and his wife which resulted in a scuffle to oust appellant from the house.

Appellant went to his car and returned with a shotgun. He contends this occurred only after the victim had fired one shot at him from a pistol found at the scene. Witnesses for the state testified that after appellant was ousted from the house he went to his car to get the shotgun and tried to get back into the house. The victim and the victim's mother and brother prevented appellant's re-entry in the house. The appellant, apparently in frustration at being denied admittance, turned and fired the shotgun through the door of the house. The victim was shot and killed and the victim's mother and brother were injured from this shotgun blast.

Appellant's enumeration of errors 1 and 2 deal with the trial court's refusal to quash the indictment on the grounds that the death penalty is unconstitutional. Emumeration of error No. 3 deals with the qualification of the jury as to the death penalty. Appellant did not receive a death sentence. If the defendant is not sentenced to death he has no standing to challenge the constitutionality of the death penalty or the striking of jurors unequivocally opposed to it. *Gaston v. Caldwell,* 229 Ga. 225 (190 SE2d 54);*Pless v. State,* 231 Ga. 228 (200 SE2d 897); *Echols v. State,* 231 Ga. 633 (203 SE2d 165); *Davis v. State,* 234 Ga. 730.

Enumeration of errors 4-9 deal with testimony of several witnesses about the fact that other persons were shot at the same time as the victim of the homicide. Appellant contends that testimony regarding crimes other than murder was prejudicial to him and impermissibly placed his character into issue in the homicide trial. All of the witnesses whose testimony is objected to testified that when the victim was shot and killed the victim's mother and brother were also shot as an apparent result of defendant's frustration in being blocked from the house. Appellant contends that because the trial court severed the aggravated assault charges

from the murder charge they were totally independent and evidence concerning them impermissibly placed defendant's character into issue.

The trial court has the discretion to sever the trial of separate crimes named in the same indictment. (Code Ann. § 26-507). However, severance is not equivalent to a finding that the crimes did not arise out of the same transaction or occurrence. Here all three persons were shot by the defendant as a result of the same conduct. While it is true that the prosecutor may not introduce matters that place the defendant's character in issue by showing that he has committed another, wholly independent crime, there is an exception where "evidence of other criminal transactions is a part of the res gestae or tends to show motive, or to show a course of conduct pointing toward and leading to the crime. . ." *Spurlin v. State,* 228 Ga. 2 (4) (183 SE2d 765) (1971). See, also, *Hill v. State,* 161 Ga. 188 (129 SE 647) (1925); *Pass v. State,* 227 Ga. 730, 738 (182 SE2d 779) (1971). These enumerations of error are therefore without merit as all the testimony related to the same transaction or occurrence.

Enumeration of error No. 10 asserts that the trial court erred in refusing to grant a motion for a directed verdict of acquittal. It is error for the trial court to refuse to direct a verdict of acquittal only where there is absolutely no conflict in the evidence and acquittal is demanded as a matter of law. *Merino v. State,* 230 Ga. 604 (198 SE2d 311) (1973). There was conflicting evidence in this case and this enumeration of error is without merit.

Enumerations 11 and 12 are that the verdict was contrary to the law and contrary to the evidence. The evidence on appeal must be viewed in the light most favorable to the verdict rendered and the record here indicates sufficient evidence to authorize the jury's verdict. See *Jackson v. State,* 234 Ga. 153 (215 SE2d 2) (1975); *Wilburn v. State,* 230 Ga. 675 (198 SE2d 857) (1973); and, *Harris v. State,* 234 Ga. 871.

Having found no error for any reason enumerated in this appeal, the judgment of conviction of appellant for the offense of murder in the trial court will be affirmed.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

SUBMITTED MAY 15, 1975 — DECIDED SEPTEMBER 2, 1975.

*E. Kontz Bennett, Jr., Dennis J. Strickland,* for appellant.
*Dewey Hayes, District Attorney, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr.,* for appellee.