## 32262. YOUNG v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant, Derwin Young, was convicted of armed robbery, voluntary manslaughter and robbery by intimidation. He was sentenced respectively to terms of life, 20 years, and 20 years to run consecutively. He appeals.

This is a companion case to *Young v. State,* 237 Ga. 852 (230 SE2d 287) (1976). The facts here are essentially the same as in that case and will not be repeated. However, in this case Charlie Young testified and admitted his involvement in the murder and robbery but denied appellant's involvement.

1. The evidence is sufficient to support the verdicts of armed robbery and robbery by intimidation.

The evidence does not support the verdict of voluntary manslaughter. Appellant did not kill the victim. Appellant was not present at the killing. As stated in *Pope v. State,* 13 Ga. App. 711, 713 (79 SE 909) (1913): "Of course one could not be accessory before the fact of the offense of voluntary manslaughter, because of the fact that the offense is usually committed upon the sudden heat of passion, and there can be no case of voluntary manslaughter where there has been such previous deliberation and premeditation as is necessarily involved in the commission of a crime which is counselled, commanded, and procured." The same reasoning applies to conspiracy. See 95 ALR2d 175.

2. The trial court did not err in refusing to allow

appellant's counsel to question prospective jurors individually out of the presence of other jurors. *Hackney v. State,* 233 Ga. 416, 417 (3) (211 SE2d 714) (1975).

3. We find no error in the trial court's pre-trial charge regarding conflicts in the evidence and the duty of the jury to reconcile the evidence if possible. *Gordy v. State,* 236 Ga. 723 (2) (225 SE2d 287) (1976).

4. The photographs introduced into evidence by the state were admissible. *Coffee v. State,* 230 Ga. 123, 125 (5) (195 SE2d 897) (1973).

5. The trial judge in admitting evidence tendered by the state inadvertently stated with reference to one of a number of photographs tendered, "I will offer this to show . . ." rather than, "I will admit this to show . . ." This was mere lapsus linguae and not prejudicial to appellant.

6. In our opinion appellant's statement was a confession and properly admitted into evidence. *Robinson v. State,* 232 Ga. 123, 125 (2) (205 SE2d 210) (1974).

7. Appellant contends the trial court erred in instructing Charlie Young before testifying as a witness for the defense not to state the outcome of his trial the previous week on a similar indictment and then telling Young he was entitled to an appeal. We find no reversible error. Appellant's counsel requested the judge to permit him to question Young as to the conviction but not the sentence. This was done. We can find no error in the judge intimating Young had been convicted when appellant's counsel insisted upon informing the jury that Young in fact had been convicted.

8. Appellant's contentions concerning the trial court's charge are without merit.

9. Appellant was not sentenced to death and has no standing to challenge the striking of jurors opposed to the death penalty under Witherspoon v. Illinois, 391 U. S. 510 (1968). See *Lindsey v. State,* 234 Ga. 874, 875 (218 SE2d 585) (1975).

*Judgment affirmed as to armed robbery and robbery by intimidation. Judgment reversed as to voluntary manslaughter. All the Justices concur.*

SUBMITTED APRIL 29, 1977 — DECIDED JUNE 8, 1977 — REHEARING DENIED JULY 1, 1977.

*Robert H. Herndon,* for appellant.

*Joseph H. Briley, District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.