## 46508. EASTERWOOD v. THE STATE.
(377 SE2d 857)

HUNT, Justice.

Dumah Easterwood was convicted of the murders of Randy Webb and Gary McAdams and received two consecutive life sentences.[1] He appeals, raising several enumerations of error, including the trial court's restriction of his opening argument.

The evidence, viewed in the light most favorable to the jury's verdict, shows the following. Randy Webb and Gary McAdams drove to

---

[1] The crimes were committed on October 24, 1987. The defendant was indicted on January 11, 1988 by the Carroll County Grand Jury, tried on April 18 and 19, 1988 and convicted on April 19, 1988. His motion for new trial, filed May 18, 1988, was denied on September 14, 1988 and the appeal was docketed in this court on December 14, 1988. The appeal was submitted for decision without oral argument on January 27, 1989.

the defendant's home after learning the defendant had beaten Webb's mother, the defendant's wife. McAdams drove, and Webb, a paraplegic, was in the passenger's seat. When the victims arrived, they got in an argument with the defendant who threatened to kill them. The defendant retrieved a pistol from inside his house, returned outside, and shot McAdams, who was standing unarmed by the driver's door of the car pleading with the defendant to spare his life. The defendant then shot Webb, who had also begged for his life, and who had pleaded with the defendant to "call the law." The victims died as a result of the gunshot wounds inflicted by the defendant.

1. This evidence was sufficient to support the conviction under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends the trial court improperly restricted his opening argument. During defendant's opening argument, counsel for the state objected to references to specific acts of violence by the victim Webb against third parties. After the trial court heard argument outside the presence of the jury, defendant's counsel agreed not to refer in opening argument to specific acts of violence on the part of Webb, or to Webb's reputation for violence. Because counsel for the defendant agreed to proceed as requested by the state, there is no issue here for our review.

3. We find no merit to defendant's remaining enumerations.
*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1989.

*Tisinger, Tisinger, Vance & Greer, Paul E. Weathington,* for appellant.

*William G. Hamrick, Jr.,* District Attorney, *Peter John Skandalakis,* Assistant District Attorney, *Michael J. Bowers,* Attorney General, *Andrew S. Ree,* for appellee.