## S89A0129. HARMON v. THE STATE.
### (383 SE2d 874)

GREGORY, Justice.

James Bruce Harmon appeals his convictions in the Superior Court of DeKalb County for three counts of aggravated assault, one count of kidnapping, two counts of aggravated sodomy, one count of aggravated child molestation, and one count of burglary. The aggravated child molestation count was found to merge with one of the aggravated sodomy counts. Harmon was sentenced to two terms of life imprisonment and to six twenty-year terms, all to be served consecutively. Harmon raises four enumerations of error. We affirm.[1]

1. As his first enumeration of error, Harmon argues that the evidence does not support the jury's verdicts of guilty on each of the nine counts of the indictment. After reviewing the trial transcript in a light most favorable to the verdict, we hold that the evidence was sufficient to enable a rational trier of fact to find guilt beyond a reasonable doubt on each count of the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Harmon's second enumeration of error is that Rule 31.3 of the Uniform Superior Court Rules violates the Separation of Powers Doctrine of Art. I, Sec. III, Par. III of the Constitution of the State of Georgia of 1983. Under Rule 31.3, the prosecution may not introduce evidence of similar transactions unless it has acquired prior leave of the court or unless the defense has introduced evidence of the defendant's character during trial. See Rule 31.3 (A), (B) & (D). Harmon argues that this rule is not a rule of procedure, but a rule of evidence, which only the legislature has the power to promulgate. Contra *Preston v. State*, 257 Ga. 42 (354 SE2d 135) (1987) (Rule 31.3 is a rule of procedure and does not violate the constitutional separation of powers).

Harmon contends that this rule is a rule of evidence because it is a discovery provision and because it changes the standards for the admission for similar-transactions evidence. Assuming, without deciding, that Rule 31.3's notice requirement is a procedural right and, therefore, a discovery provision, it does not follow that this is a rule of evidence. Rather, this rule merely determines *when* the court will rule on the admissibility of the evidence, not on *what* is admissible. This procedural requirement allows a defendant time in which to prepare a response that would otherwise not usually be available during a jury

---

[1] Harmon was indicted on May 22, 1987. On November 6, 1987, the jury returned its verdict of guilty on all counts, and the court imposed its sentence. The order denying Harmon's motion for new trial was filed February 9, 1989, and Harmon filed his Notice of Appeal on March 1, 1989. The case was docketed in this Court on June 15, 1989, and was submitted for decision on July 28, 1989.

trial. Harmon's assertion that Rule 31.3 changes the standards for the admission of similar transaction evidence is also without merit. The rule, by its express terms, does not change the rules governing admissibility of similar transaction evidence. See 31.3 (B), (D) & (E).

3. During the course of defense counsel's closing arguments, the prosecution objected. A bench conference followed, after which counsel corrected an earlier statement. In as much as defense counsel acquiesced in the judge's decision that the statement be corrected, there was no proper objection. Therefore, we will not review the enumeration. *Boutwell v. State*, 256 Ga. 63, 65 (5) (344 SE2d 222) (1986) (defendant may not object for the first time on appeal).

4. In 1973, a Fulton County grand jury indicted Harmon for the offense of aggravated assault with intent to rape, but Harmon only plead guilty to aggravated assault. Harmon contends the state was estopped from contending that the 1973 aggravated assault was with the intent to rape and that absent an intent to rape, the 1973 case would not be similar to this case. Only if there had been a trial in 1973 and if the issue of Harmon's intent had been resolved in his favor, would the prosecution have been estopped from presenting evidence of this prior incident. *Salcedo v. State*, 258 Ga. 870, 871 (376 SE2d 360) (1989); *Moore v. State*, 254 Ga. 674, 676 (333 SE2d 605) (1985) (application of estoppel requires an examination of what facts were resolved in defendant's favor at a prior trial).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 28, 1989.

*J. M. Raffauf, John D. McCord III*, for appellant.
*Robert E. Wilson*, District Attorney, *Barbara B. Conroy*, Assistant District Attorney, for appellee.