## A91A2074. FERRELL v. THE STATE.
(416 SE2d 903)

POPE, Judge.

Defendant Charlie C. Ferrell was indicted on four counts of violations of the Georgia Controlled Substances Act. The State took action to sever the trial of Counts 1 and 2 from the trial of Counts 3 and 4. Defendant was convicted of the charges contained in Counts 1 and 2, and appeals.

1. First, defendant asserts the trial court erred by denying his motion to dismiss the indictment. Defendant argues the indictment is void because the only witnesses appearing on the grand jury witness list are law enforcement officers, thereby showing the indictment was based solely on hearsay testimony. All four charges contained in the indictment relate to the alleged sale of cocaine by the defendant to a confidential informant who was wired with a "body bug." The officer who monitored the transmission of the conversations between the informant and the defendant was a witness at the grand jury proceeding. The officer was competent to testify as a witness to the transactions, and his testimony would not have been hearsay. Thus, pursuant to the rule set forth in *Felker v. State*, 252 Ga. 351 (2) (a) (314 SE2d 621) (1984), defendant's motion to dismiss the indictment was prop-

erly denied because the record shows a competent witness was examined before the grand jury. Moreover, "the verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendant with the offenses for which he was convicted. Hence, any possible error has been rendered harmless." (Punctuation and citation omitted.) *Isaacs v. State*, 259 Ga. 717, 720 (2) (b) (386 SE2d 316) (1989).

Defendant also argues the trial court erred by denying him the opportunity to call the prosecutor as a witness in the hearing on his motion to dismiss the indictment. We need not address this argument because it is clearly beyond the scope of defendant's enumeration of error. See *Chezem v. State*, 199 Ga. App. 869 (2) (406 SE2d 522) (1991); *Rigenstrup v. State*, 197 Ga. App. 176 (2) (398 SE2d 25) (1990).

2. Counts 1 and 2 of the indictment in this case related to the alleged sale and the lesser included offense of possession of cocaine on a certain date. Counts 3 and 4 related to the alleged sale and possession of cocaine on another date. The State took action to sever the trial of Counts 1 and 2 from the trial of Counts 3 and 4. Typically, a motion to sever the trial of separate offenses in a multi-count charge is made by the defendant. The Georgia Supreme Court, however, has adopted certain ABA Standards on Joinder of Offenses which provide for severance of offenses upon application of either the prosecuting attorney or the defendant " '(i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or (ii) if during trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The court should consider whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.' [Cit.]" *Dingler v. State*, 233 Ga. 462, 463-464 (211 SE2d 752) (1975).

Defendant argues the trial court erred in permitting the State to sever the offenses because no application to sever was made at or before the time of arraignment as all motions are required to be made, pursuant to Uniform Superior Court Rule 31.1. As noted above, however, an application to sever may be made during trial *if* the defendant consents and *if* it is deemed necessary to achieve a fair trial. Contrary to the conclusion of the dissenting judges, we do not conclude that the defendant waived his objection to severance when, at the conclusion of the hearing of defendant's objection to severance, defendant's attorney stated: "I don't have a problem with it. I just wanted to put my objection to this in the record." The statement must be considered in light of the immediately preceding comment by

the judge, who referred to going forward with the trial of the first two counts of the indictment. In our opinion, the defendant was merely indicating a readiness to go forward with trial while still preserving objection to severance. Since defendant's attorney clearly stated an objection to severance, it is illogical to assume the statement was meant to voice consent to the very ruling to which the attorney was stating an objection.

Moreover, the State presented no evidence or argument whatsoever that severance was necessary to promote a fair trial and the trial court made no such determination. Instead, the prosecuting attorney asserted the State has an absolute right to elect to sever counts of a multi-count indictment and could "try them one at a time all day long." We do not agree that the State has such a right and, instead, conclude that in order to prevail on an application to sever, the State as well as the defendant must show that severance is necessary to promote a fair trial. Id.

We cannot say that severance was harmless to the defendant's trial strategy. The State may have chosen to prosecute Counts 1 and 2 separately because the evidence was stronger on those counts. If defendant could have successfully defended the charges of Counts 3 and 4, it might also have weakened the State's proof on the first two counts. Thus, the judgment is reversed.

*Judgment reversed. Sognier, C. J., Carley, P. J., Cooper and Johnson, JJ., concur. McMurray, P. J., Birdsong, P. J., Beasley and Andrews, JJ., concur in part and dissent in part.*

BIRDSONG, Presiding Judge, concurring in part and dissenting in part.

I concur in Division 1 of the majority opinion; however, as I believe the judgment should be affirmed, I am compelled to dissent as to Division 2 and as to the judgment of reversal.

Appellant asserts the trial court erred in allowing the State to proceed to trial on only two counts of the four-count indictment as this would be the equivalent of granting a motion to sever the counts contained in the indictment against appellant.

1. The State argues that this issue was waived by appellant's failure to raise objection until after the first witness testified at trial. Like the tacit holding of the majority, I would not invoke waiver in regard to this issue as the record shows that at a pre-trial motion hearing, this procedure was discussed and appellant's counsel stated an objection thereto.

2. While a trial court has discretion to sever the trial of separate crimes named in the same indictment (*Lindsey v. State*, 234 Ga. 874, 876 (218 SE2d 585)), there also exists a general rule that indictments returned by the grand jury are not amendable by the district attor-

ney. *Kesler v. State*, 249 Ga. 462, 468 (291 SE2d 497). Notwithstanding the contentions of the State, the trial record reflects that it was the State and not the trial court which elected *unilaterally* to proceed with trial in such a manner as to treat the indictment as if it were an indictment to Counts 1 and 2 only. This in practical effect *separated* (rather than severed pursuant to a court-approved application) Counts 3 and 4 from the indictment the State proceeded upon at trial. In fact, the State expressly asserted at trial that if the State *elects*, "to sever" the counts, appellant could not complain as "we can try them one at a time all day long." (I agree with the majority that the State does not have an unlimited right to separate counts unilaterally from an indictment and to try each count one at a time all day long.) The State also asserted that "we announced" the counts would be tried separately, and that "the State has a right to sever it if [it] wants to." Examination of the record in toto, including the responses of the trial judge, establishes not only was no application for severance ever tendered to the trial court and that it was not the trial judge who ordered the counts severed, but it was the State who elected and in fact called only the two counts for trial. (Compare the procedure actually employed by the state with ABA Standards on Joinder of Offenses, § 13-3.1, which authorizes the *court*, upon timely *application*, to grant *severance* under certain conditions.) After the first witness was called by the State, appellant's counsel inartfully objected to the State's separation of the counts by its failure to try all counts at once and asserted she previously had been unaware that the State intended to try counts separately. Subsequently, the trial court speculated whether appellant's objection "is good" and concluded that even if it were, it would not stop prosecution of Counts 1 and 2, which had been called for trial. After additional incidental colloquy, the trial court agreed with a comment by the State that there was no sense in engaging in speculation as to whether appellant's objection (to the separation of counts) was good, stating: "I agree. I agree. I mean I think as far as *going forward on this one.* . . ." (Emphasis supplied.) Appellant's counsel interrupted the trial judge and affirmatively stated on the record: "Right. *I don't have a problem with it* [that is, proceeding to trial on only Counts 1 and 2]. I just wanted to put my objection to this in the record." (Emphasis supplied.)

I would find appellant's second enumeration without merit for two independent reasons. First, appellant has failed to show, as to the case sub judice, how he was prejudiced or otherwise denied his fair trial rights merely by being required to proceed with trial on two drug counts rather than four. Harm as well as error must be shown to authorize a reversal on appeal. *Robinson v. State*, 229 Ga. 14, 15 (189 SE2d 53); see generally *Tatum v. State*, 259 Ga. 284 (3) (380 SE2d 253). The majority has chosen to *speculate* as to how harm as well as

error may have resulted by proceeding to trial on only two counts. This it does in the face of a silent record, regarding the purpose behind defendant's trial strategy, and in spite of the lack of an affirmative appellate assertion as to how appellant has been harmed as of this moment by the very procedure in which he participated. This type of blatant speculation in order to overturn a verdict defies the basic rule that on appeal an appellate court is bound to construe the evidence with every reasonable inference and presumption being in favor of upholding the jury's verdict. *Mills v. State*, 137 Ga. App. 305 (1) (223 SE2d 498). Secondly, appellant acquiesced in proceeding with trial on only Counts 1 and 2, and by such conduct aided in causing that result. When the State called the case, it did so expressly with respect only to Counts 1 and 2. Appellant's counsel did not raise an objection, at this point in the trial record, to this aberrant procedure but announced: "The defense is ready, Your Honor," indicating a readiness to proceed to trial on Counts 1 and 2 and at least implying to the trial court a willingness to do so. The jury was subjected to voir dire on the basis that trial would be held on only the two counts with appellant's counsel stating to the panel: "This is a case in which you all have heard the District Attorney announce that this case is involving a charge of sale and possession of cocaine." The jury was selected on this same basis. Thereafter, appellant's counsel did not object to that portion of the State's opening statement expressly referring only to the one incident as being on trial, and instead made a responsive opening statement on appellant's behalf. By this conduct, and by the comments of appellant's counsel, as discussed in detail in the paragraph above, appellant clearly acquiesced in and in fact assisted in the State's announced procedure to proceed to trial on only two counts. Under such circumstances appellant is precluded by its acquiescence from obtaining relief on appeal from the State's election to proceed to trial on only Counts 1 and 2. *Harmon v. State*, 259 Ga. 444 (3) (383 SE2d 874); *Easterwood v. State*, 259 Ga. 164 (2) (377 SE2d 857). Additionally, "[a]n appellant cannot complain of a result his own procedure or conduct aided in causing." *Wilburn v. State*, 199 Ga. App. 667, 669 (2) (405 SE2d 889); *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251). The majority has construed the same evidence of record in such a manner as to find that defendant did not acquiesce in the State's aberrant trial procedure, and apparently concludes tacitly that appellant by his own conduct did not aid in the procedure employed by the State in this case. In my view, this defies the cardinal principle that *an appellate court must view the evidence of record in a light most favorable to sustaining the verdict. Ross v. State*, 195 Ga. App. 624 (1) (394 SE2d 418); *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737). I construe the evidence of record in support of the verdict thereby finding that such acquiescing and aid-

ing conduct occurred on the part of appellant. Even if the effect of the statements and trial conduct of appellant is capable of two differing interpretations, as is apparent from the 5-4 decision of this court, consistent with long-established appellate practice, we should construe these statements and conduct to uphold the verdict rather than overthrow it. *Ross*, supra; *Grant*, supra; see *Wren v. State*, 57 Ga. App. 641, 644 (196 SE 146). And, we will not reverse the correct ruling of a trial court regardless of the reason given therefor. *Tony v. Pollard*, 248 Ga. 86 (1) (281 SE2d 557); *Ely v. State*, 192 Ga. App. 203 (4) (384 SE2d 268).

It is clear from an examination of this record in toto that appellant really was concerned not with being tried immediately upon Counts 1 and 2, but with being subsequently tried and being subjected to a potential life sentence on Counts 3 and 4. As the questions of whether the State can subsequently try appellant on the separated Counts 3 and 4 and whether a life sentence can be imposed in the event of a subsequent conviction is not at issue in this case, the dissent declines to speculate concerning these matters.

In my view, this conviction should be affirmed as none of appellant's enumerations of error has merit. An accused is only entitled to a fair trial not a perfect one. *Ross*, supra at 627 (4).

I respectfully dissent. I am authorized to state that Presiding Judge McMurray and Judge Andrews join in this dissent.

BEASLEY, Judge, concurring in part and dissenting in part.

I agree with Presiding Judge Birdsong except that in my opinion, the acquiescence constituted a waiver of the prior objection. True, there was objection at a pre-trial motion hearing. But then, that ended with the defense counsel's statement, "I don't have a problem with [trying counts one and two]. I just wanted to put my objection to this in the record." At most this is ambiguous. Any ambiguity was resolved when the case was called for trial on the first two counts. The defense announced ready and proceeded on the first two counts instead of maintaining the objection.

It was not until *after* readiness was announced, the jury was selected and sworn, opening statements were made, and the State's first witness was called, all on the basis of a two-count trial, that defendant resurrected the earlier position, by initiating a discussion about the trial of only one transaction. By then it was too late.

DECIDED MARCH 20, 1992.

*Mable V. Booker*, for appellant.
*Dennis C. Sanders, District Attorney, Michael N. Annis, Assis-*

*tant District Attorneys*, for appellee.