A95A1311. DENHAM v. THE STATE.
(460 SE2d 869)

BIRDSONG, Presiding Judge.

Charles Wesley Denham appeals his conviction of possession of cocaine; he enumerates two errors: improper jury selection and insufficiency of the evidence. *Held*:

1. Appellant contends the verdict of guilty was contrary to the evidence produced at trial; this enumeration is without merit. On appeal, the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737).

The arresting officer testified that pursuant to a report of a drug transaction received over his radio, he went to the location and obtained a voluntary consent to search a pickup truck from the vehicle owner. Appellant had been sitting on the passenger side of the truck; he spontaneously identified, as his property, a key pouch containing cocaine when it was found under the passenger side of the vehicle during the search. He subsequently made a voluntary statement to the police claiming his girl friend had prior possession of his key chain, denying knowledge of the presence of the cocaine in the pouch, and stating he had claimed ownership of the pouch (at the crime scene) because he did not want his friend to get charged. The vehicle

owner testified the cocaine was not his. Transcript review reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant asserts that the method of selecting the jury was improper in his case. Specifically, he claims: "The court placed a panel of 34 jurors on the State, requiring the State to execute 6 peremptory strikes. The remaining 28 jurors were placed on the appellant who was required to execute his 12 peremptory strikes silently also. Appellant did not object to this method of jury selection at the time of trial in that the method was so bizarre that appellant was caught unawares, and did not wish to challenge the authority of the trial judge in front of the panel of jurors."

(a) The record reflects that, although the State timely objected to this method of selection on the grounds it placed the State at a disadvantage in jury selection, appellant failed to object thereto. By failing to object timely to the method of jury selection, appellant failed to preserve this issue for appellate review. *Atkins v. Martin*, 229 Ga. 815, 816 (3) (194 SE2d 463); see *Lawton v. State*, 259 Ga. 855, 856 (2) (388 SE2d 691); *Mundy v. State*, 259 Ga. 634 (5) (385 SE2d 666).

Additionally, when asked by the trial court whether appellant had any objection to this jury selection procedure, appellant's counsel expressly stated, "No, Your Honor." Thus not only did appellant fail to object timely to the jury selection procedure, he expressly acquiesced in the trial court's ruling. Appellant's acquiescence provides an additional reason why this issue has not been preserved for appellate review. *Harmon v. State*, 259 Ga. 444 (3) (383 SE2d 874); compare *Winfield v. State*, 210 Ga. App. 849, 851 (1) (437 SE2d 849); see *Easterwood v. State*, 259 Ga. 164 (2) (377 SE2d 857). (We also note that by appellant's own admission in its brief, the failure to object and subsequent acquiescence were substantially due to a legitimate trial tactic decision, that is, appellant "did not wish to challenge the authority of the trial judge in front of the [jury].")

For each reason above, this enumeration is without merit.

(b) Peremptory strikes of jurors and the method of exercising such strikes are procedural rather than substantive in nature; "[t]he exercise of peremptory strikes has long been recognized as a procedure created to assist litigants in obtaining a fair and impartial jury and not an independent substantive right." *Barner v. State*, 263 Ga. 365, 367 (4) (434 SE2d 484). At least one leading authority on Georgia criminal trial practice has recognized that there exist two general procedural methods of striking a jury in a criminal case involving a single defendant: "If either party insists upon it, an individual voir dire examination of all the jurors on the panel must be conducted before any

jurors are stricken. This practice applies to both felony and misdemeanor cases. Where this method is used, the actual striking is done in the same manner as that described below with the exception that all voir dire questions are asked before the striking begins. The second way of striking a jury is to have the name of a potential juror called and for the state, followed by the defendant, to ask the juror voir dire questions. The state then decides whether to reject or accept the juror. If the juror is rejected, he is excused; but if he is accepted by the state, he is then passed on by the defendant, who either accepts or excuses him. If the defendant accepts a juror, the state may not strike or excuse him. The process continues until 12 jurors, plus such alternates as the judge may determine, are accepted." Ga. Crim. Trial Prac. (1994 ed.), § 18-27.

Prudence dictates that established jury selection procedures be followed to ensure that neither the defendant nor the State is placed at an unfair disadvantage in obtaining a fair and impartial jury.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JULY 27, 1995.

*Rodney L. Allen*, for appellant.

*J. Brown Moseley, District Attorney, Ronald S. Smith, Assistant District Attorney*, for appellee.