## 57003. ANDREWS v. THE STATE.

Webb, Judge.

Diane Andrews appeals her conviction resulting from the armed robbery of the victim by two women. We affirm.

1. A police officer testified that Mary Ross, one of the two robbers who had already been apprehended and who was sitting in an automobile, pointed out appellant, sitting in another automobile, as her accomplice. This testimony was ostensibly offered not for the purpose of proving that appellant was, in fact, the accomplice, but rather as "original evidence" under Code § 38-302[1] to explain the conduct of the officer in arresting her.[2] Ms.

---

[1]"When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." Code § 38-302.

[2]There is no issue as to the arrest, and the relevance of the officer's conduct in making it has not been made to appear. "The plaintiff contends that the evidence was admissible under provisions of Code § 38-302 for the purpose of illustrating the conduct of the physician in

Ross was not called as a witness by the state and thus did not affirm the statement as hers nor subject herself to cross examination with respect to it, and appellant moved for a mistrial contending that this procedure unduly infringed upon her Sixth Amendment right to confront the witnesses against her.

The motion was denied, whereupon appellant made an offer of proof of impeachment with respect to Ms. Ross. The trial court rejected the proffer upon the basis that impeachment evidence would not be allowed as to one who had not been called as a witness. Subsequently, in the court's charge, the jury was not instructed that Ms. Ross' statement that appellant was her accomplice could be considered only for the purpose of explaining the reason the officer arrested her.

Were this an open question we might feel bound to reverse under Douglas v. Alabama, 380 U. S. 415 (85 SC 1074, 13 LE2d 934) (1965) and similar cases. However, our Supreme Court has ruled that those cases do not apply to a factual situation such as the instant one. *Harrell v. State,* 241 Ga. 181 (243 SE2d 890) (1978). In addition, since there was no request to charge on the purpose for which the Ross statement could be considered under Code § 38-302, the failure to so charge does not constitute reversible error. *Harrell,* supra, at 186 and cits.

2. It is within the trial court's discretion to allow a witness to be recalled for further examination (*Faulk v. State,* 47 Ga. App. 804, 808 (171 SE 570) (1933)), and we find no abuse of it here.

3. The evidence was sufficient to convict.

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

Submitted January 3, 1979 — Decided January 15, 1979.

*Stephen M. Friedberg,* for appellant.

treating the plaintiff. The position is not well taken for the reason that the doctor's conduct was not in issue. . ." *Brewer v. Henson,* 96 Ga. App. 501, 502 (100 SE2d 661) (1957).

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, J. Wallace Speed, R. David Petersen, Assistant District Attorneys,* for appellee.