64185. PAYNE v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his conviction for child molestation. *Held:*

1. The first two enumerations of error complain of the admission of certain evidence over the objection that it was hearsay. The evidence in question related to the testimony of a neighbor and of the mother of three children, who were the victims, as to what they were told by the three children about incidents of the crime. The three children all testified at the trial and gave essentially and substantially similar testimony as to the events which transpired, although their testimony was not entirely harmonious or free from contradiction as to the facts.

The State urges that the testimony by the mother and neighbor was admissible under Code § 38-302. We note that neither at the time the evidence was introduced nor subsequently did counsel for the defendant request instructions limiting the evidence solely to the purpose for which it was offered. However, the district attorney stated in the presence of the jury that the testimony of the neighbor

was offered to explain conduct and such evidence was admitted by the judge "based on the assertions of the district attorney." Moreover, prior to the mother's testimony, the trial judge instructed the jury that her evidence was not offered "to show the truth of what the children said, but to explain this witness' conduct."

"Conversation may be admitted under Code Ann. § 38-302 to explain conduct [and ascertain motives] and as such is not considered hearsay." *Arnold v. State,* 236 Ga. 534, 536 (224 SE2d 386). Accord, *Caraway v. State,* 72 Ga. App. 504, 507 (34 SE2d 303); *Decker v. State,* 139 Ga. App. 707, 711 (229 SE2d 520); *Mooney v. State,* 243 Ga. 373, 393 (254 SE2d 337).

As stated in *Mooney,* supra, "the prejudicial nature of such evidence is largely irrelevant unless the testimony offends some other rule of evidence…" Here, no issue was raised at the trial as to whether the admission of such evidence violated another rule of evidence since the sole objection was that the testimony was hearsay. Moreover, where there is no request to charge the purpose for which the testimony could be considered under Code § 38-302, the failure to so instruct the jury does not constitute reversible error. *Andrews v. State,* 148 Ga. App. 709, 710 (252 SE2d 210); *Harrell v. State,* 241 Ga. 181, 186 (2) (243 SE2d 890). In this case not only was there no request for limiting instruction but the jury was made expressly aware that the evidence was to be considered for the purpose of explaining conduct. *Ault v. State,* 148 Ga. 761, 762 (6) (252 SE2d 668).

The admission of the testimony by the two witnesses was not error for the reasons assigned.

2. The remaining enumeration of error questions the sufficiency of the evidence. From a review of the evidence presented, we find any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JULY 8, 1982 —
REHEARING DENIED JULY 28, 1982 —

Harry J. Fox, Jr., for appellant.
Theron Finlayson, District Attorney, James F. Garnett, Assistant District Attorney, for appellee.