A89A1203. FLOYD v. THE STATE.
(387 SE2d 16)

CARLEY, Chief Judge.
Appellant was indicted for three counts of aggravated child molestation. According to the allegations of the indictment, the molestations involved acts of sodomy. See OCGA § 16-6-4 (c). Appellant was tried before a jury and was found guilty of all three counts. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts.

Appellant's sole enumeration is that the trial court erroneously failed to charge, without written request, on the definition of "sodomy." " 'In the absence of request, the court's failure to define the meaning of terms used in the charge is not ordinarily ground for reversal.' [Cits.] In any event, it is not error for the trial court to fail to define terms in common usage, even upon request. [Cit.]" *Garner v. State*, 182 Ga. App. 251, 252 (2) (355 SE2d 451) (1987). Undoubtedly, it would be better practice for the trial court in a case such as this to define "sodomy" in its charge to the jury. However, the failure to do so was not reversible error, particularly in view of the fact that the "indictment specified the [manner in which the alleged acts of sodomy had been committed] in the case sub judice . . . and the evidence disclosed that [appellant performed these acts of sodomy]. The [victims so] testified. . . ." *Ricks v. State*, 156 Ga. App. 647, 648 (3)

(275 SE2d 730) (1980). "[T]here was no written request to charge, and the charge as a whole was sufficient in instructing the jury as to the basic law." *Craft v. State*, 158 Ga. App. 745, 746 (2) (282 SE2d 203) (1981). See also *Spaulding v. State*, 185 Ga. App. 812, 813 (2) (366 SE2d 174) (1988).

   *Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 25, 1989.

*Hylton B. Dupree, Jr., A. Gregory Poole*, for appellant.

*Thomas J. Charron*, District Attorney, *Fonda S. Clay, Debra H. Bernes*, Assistant District Attorneys, for appellee.