S90A0254. LAWTON v. THE STATE.
(388 SE2d 691)

Clarke, Chief Justice.

Joseph Lawton, Jr. was convicted of the felony murder of James Land Jones, a professor at Armstrong State College, and of theft by taking an automobile belonging to Professor Jones. The defendant was sentenced to life imprisonment for the murder conviction and ten years for the theft by taking conviction. The sentences are concurrent.[1]

The evidence at trial showed that the defendant met the victim several days before the murder while playing basketball; the victim asked for and received the defendant's phone number. On the day in question the defendant telephoned the victim who invited the defendant to his home for a drink. The victim told the defendant he could bring a friend, and the defendant invited his co-defendant, Reginald Lee.[2] According to the statement the defendant gave to police, he was watching television in the victim's apartment when he heard Reginald Lee shout. The defendant went into the victim's bedroom where, the defendant alleged, the victim was making sexual advances toward Lee. Lee began beating the victim, and the defendant stated he aided Lee by striking the victim twice so that he would not be able to reach the telephone to call for help. According to the defendant the victim begged them to stop, and offered them $500 and any of his possessions if they would leave him alone. The defendant stated that Lee tied the victim up with a sweater about his face and a sock stuffed in his mouth; the defendant tied up the victim's legs. They then took various items of electronic equipment from the victim's apartment

---

[1] The crimes were committed on October 26, 1986 when the defendant was 18 years old. The defendant was tried April 26-28, 1988. The jury returned its verdict on April 28, 1988 and the trial court sentenced the defendant on May 4, 1988. The defendant filed his motion for new trial on May 23, 1988 which he amended on August 25, 1989. The trial court denied this motion on October 3, 1989, and defendant filed his notice of appeal to this court on October 27, 1989. The case was submitted on briefs on January 5, 1990.

[2] Lee's conviction for the felony murder of Professor Jones was affirmed by this court in *Lee v. State,* 259 Ga. 230 (378 SE2d 855) (1989).

and drove away in the victim's car.

The defendant stated that he later became worried about the victim's safety. He called police, and identifying himself with a fictitious name, asked them to check on the victim. There was evidence from a police dispatcher that such a call was made concerning the victim.

Medical evidence indicated that the victim had undergone a severe beating, including at least ten lacerations to the head. The medical examiner testified that the victim died from asphyxiation resulting from the manner in which the sweater was tied around his face and throat.

1. We hold that a rational trier of fact could have found the defendant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court granted the state's motion to require Reginald Lee to testify at defendant's trial and to give Lee immunity from further prosecution pursuant to OCGA § 24-9-28. Thereafter the state was permitted to call Lee to the witness stand and to offer copies of his indictment and conviction for the murder of the victim in evidence.[3] The defendant now argues for the first time on appeal that Lee's right against self-incrimination was violated by these rulings.

Because the defendant did not object below on any ground to these rulings by the trial court, he may not complain of them now. *Jones v. State*, 258 Ga. 249 (3) (368 SE2d 313) (1988). Further, the defendant lacks standing to assert Lee's privilege against self-incrimination. *Thomas v. State*, 245 Ga. 688 (4) (266 SE2d 499) (1980). Additionally, since Lee refused to answer any questions propounded to him by the state, the defendant has failed to prove harm.

3. The defendant argues that his statement to police officers was involuntary and should have been suppressed.

At the *Jackson v. Denno* hearing the investigating officer testified that police discovered an address book in the victim's apartment and began calling all the local numbers. The defendant's name and phone number were listed in this book and the officer asked him to come to the police station. The defendant complied and after admitting that the victim had invited him to his home on the day of the murder, was given *Miranda* warnings. He then signed a waiver of rights form. The defendant asked for a specific attorney and questioning ceased while the officer left to call the attorney. While he was gone the defendant informed another officer that he wished to make a statement. The second officer advised him that the requested attorney was being called. The defendant admitted at the *Jackson v. Denno* hearing that

---

[3] This grant of immunity in no way affected Lee's conviction for the murder of Professor Jones.

after the first officer determined that the requested attorney was not at home, the defendant stated he did not want to wait for his return, but wished to make a statement without an attorney.

The defendant testified that he did not know whether he was under arrest when he made the statement, and that he made the statement because the officers told him they had already talked to Reginald Lee, and that the defendant should "save himself." A trial court's findings of fact and determinations of credibility relating to the admissibility of a defendant's statements will be upheld unless clearly erroneous. *Cooper v. State*, 256 Ga. 234 (347 SE2d 553) (1986). The trial court was authorized to find that the defendant knowingly waived his constitutional rights, and voluntarily made the statements in question.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 1, 1990.

*Allen & Perry, Roy L. Allen II,* for appellant.

*Spencer Lawton, Jr., District Attorney, J. Clayton Culp, Assistant District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.