A90A1684. ESCO v. THE STATE.

(404 SE2d 584)

COOPER, Judge.

Appellant appeals his convictions for rape, aggravated sodomy, burglary, and cruelty to children. He enumerates two bases of error: the admission of the testimony of a GBI agent as to prior consistent statements made by one of the victims and the general grounds.

Viewing the evidence in favor of the verdict, it appears that Joyce Rawlings and her four-year-old son, Nicholas, were awakened at approximately 1:30 a.m. by a man standing beside the bed wearing a blue bandanna over his face and holding a knife against her throat. The man ordered Ms. Rawlings to roll over, and she grabbed her son and ran from the bedroom into the living room where she and the man scuffled. During the scuffle, the man was struck in the head with a lamp, and Ms. Rawlings was thrown across a coffee table. Ms. Rawlings' face was also cut, and the man demanded that she stop screaming or he would kill her and Nicholas. The assailant pulled Ms. Rawlings' gown off and forced her to perform oral sex; he then had intercourse with her and sodomized her anally. During the entire episode, Nicholas was present, crying and asking the man not to hurt his mother. The man tied Ms. Rawlings up with Nicholas' pajama top and socks. However, while doing so, the bandanna fell from the man's face, and Nicholas recognized him as appellant. Ms. Rawlings testified that she did not see the assailant's face, but she recognized his voice as appellant's, having known appellant prior to the incident. A search of appellant's car produced a blue bandanna and a pair of work boots, which fit the description given by Ms. Rawlings of what her assailant wore. In addition, footprints discovered behind the Rawlings home were similar to appellant's boots. Defense witnesses testified that appellant was at home at 11:30 p.m. on the evening in question; however, none could positively place appellant at home at the time Ms. Rawlings said the attack occurred. There was also testimony which indicated that appellant displayed no visible signs of struggle following the incident.

1. Appellant contends he was prejudiced by the cumulative effect of a GBI agent's testimony regarding Nicholas' interview with the po-

lice. Testifying as a witness for the State, Nicholas identified appellant as the assailant and described the attack. On cross-examination, appellant's counsel challenged Nicholas' credibility, eliciting from him that his mother told him that appellant was their attacker. An agent who was present during Nicholas' initial interview testified in rebuttal, over appellant's objection, that Nicholas had identified appellant earlier and that Ms. Rawlings had been surprised by Nicholas' statement. We find no error in the admission of the testimony. "Because the credibility and veracity of [a] witness [was] under attack, the State sought to show by the [agent] that the witness had made prior consistent statements to the investigators. The prior consistent out-of-court statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence. [Cits.]" *Hayes v. State*, 189 Ga. App. 39 (1 a) (375 SE2d 114) (1988). Further, the testimony did not improperly bolster Nicholas' statements. See *Moon v. State*, 258 Ga. 748 (28) (375 SE2d 442) (1988).

2. Appellant argues that the State's evidence was insufficient to support the verdicts and that the defense witnesses, as well as his own testimony, provided a credible alibi. "[I]n every case the jury is the arbiter of credibility including as to the defendant's explanation, and the jury is the body which resolves conflicting evidence, and where the jury has done so, the appellate court cannot merely substitute its judgment for that of the jury. [Cit.]" *Adams v. State*, 187 Ga. App. 340, 344 (370 SE2d 197) (1988). We find that the evidence was sufficient so that a rational finder of fact could have found appellant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 13, 1991 —
REHEARING DENIED MARCH 25, 1991.

J. *Richardson Brannon*, for appellant.

*Timothy G. Madison, District Attorney, Deborah S. Wilbanks, Jeffrey G. Morrow, Assistant District Attorneys*, for appellee.