### A92A0945. McGEE v. THE STATE.
(423 SE2d 666)

BIRDSONG, Presiding Judge.

Karl Howell McGee appeals from the verdict and sentence, and from the denial of his motion for new trial. Appellant was convicted of one count of child molestation of E. M., one count of rape of M. M., and one count of cruelty to children by hitting M. M., striking her when she refused to get in bed with him, and threatening to whip her if she told anyone about his sexual advances. E. M. and M. M. are appellant's daughters.

At the time of the alleged incidents E. M. was age 12 and M. M. was age 14. At the time of trial E. M. was age 13 and was attending a special class for children with an I.Q. of 45 and below; M. M. was age 16 and was moderately mentally handicapped. Both children were liv-

ing with appellant's mother at trial time. On the witness stand, E. M. recanted and denied that appellant had sexually assaulted her; she admitted telling her teacher that appellant had touched her "private," but claimed M. M. told her to say that; and she denied telling anyone that appellant sexually abused her. M. M. testified in the vernacular that appellant had penetrated her "private" with his penis and threatened to whip her if she told of his activity, but denied he had actually struck her. The State introduced two videotapes and an audio tape of the victims' prior, out-of-court statements describing inter alia certain sexual acts perpetrated by appellant upon them.

Appellant enumerates 17 separate errors, several of which have sub-parts. *Held*:

1. The following general rules will be applied, as appropriate, in the disposition of this appeal:

(a) "[I]f evidence is duly admissible under any legitimate theory, it should be admitted even though it does not qualify for admission under one or more other evidentiary theories." *Boatright v. State*, 192 Ga. App. 112, 116 (6) (385 SE2d 298).

(b) On appeal the evidence must be viewed in the light most favorable to the verdict. *Guffey v. State*, 191 Ga. App. 501, 503 (3) (382 SE2d 202).

(c) Rules of evidence are framed with a view toward obtaining the "discovery of truth." OCGA § 24-1-2. And, certain rules of evidence have been most liberally extended regarding sexual crimes, particularly those involving children. See, e.g., *Oller v. State*, 187 Ga. App. 818 (2) (371 SE2d 455).

2. E. M.'s schoolteacher, Ms. Allen, testified without objection to certain statements made by E. M. Appellant's attorney elicited from Ms. Allen's testimony that E. M. stated appellant was making her do certain things, that " 'he *makes us* [she and M. M.] go into the bedroom. *We have to sleep with him, and he does things to my sister and myself*.' " (Emphasis supplied.) Any issue relating to the admissibility of this testimony under OCGA § 24-3-16 was waived by appellant's trial procedure and by his not taking any timely and specific objection thereto. *Lawton v. State*, 259 Ga. 855, 856 (2) (388 SE2d 691); *Wilburn v. State*, 199 Ga. App. 667, 669 (2) (405 SE2d 889).

3. As State's Exhibit No. 1, a medical report, was admitted after "no objection" was posed by appellant's counsel, appellant cannot complain of the report's admission on appeal. See *Bruce v. State*, 259 Ga. 798 (2b) (387 SE2d 886).

4. Whether and when to allow a witness to be recalled for further examination rests in the sound discretion of the trial court. See *Andrews v. State*, 148 Ga. App. 709, 710 (252 SE2d 210). The trial court did not abuse its discretion in allowing M. M. to be recalled by the State to give additional testimony in order to form a better founda-

tion for admission of her out-of-court statements to Detective Wade, though such procedure interrupted the presentation of the testimony of the detective who was on the stand as a State's witness at the time of recall.

5. Appellant contends prejudicial error occurred when he was not allowed to cross-examine M. M. regarding whether she had ever run away from home. The record reflects that appellant acquiesced to the State's objection and abandoned voluntarily that line of questioning, without obtaining a ruling as to the objection from the trial court. "Because counsel for the defendant agreed to proceed as requested by the state, there is no issue here for our review." *Easterwood v. State*, 259 Ga. 164, 165 (2) (377 SE2d 857); compare *Westwind Corp. v. Washington Fed. Sav. &c. Assn.*, 195 Ga. App. 411 (1) (393 SE2d 479).

6. Appellant asserts the trial court erred in instructing the jury that when an indictment charges that a crime was committed in more than one way, the State is not required to prove the commission of that crime in every way alleged but may prove the crime was committed in any one of the ways alleged. This is a correct statement of law. See, e.g., *Gordon v. State*, 199 Ga. App. 704, 705 (1) (406 SE2d 110) and cases cited therein. The indictment counts were read to the jury as part of the charge, and the indictment was given to the jury for their consideration during deliberation. We are satisfied, after examining the charges in their totality, no fair risk exists that the jury could be misled to believe they could apply this correct legal principle to any count in the indictment other than to Count 4, cruelty to children. There was no charging error.

7. Notwithstanding OCGA § 5-6-40, appellant's enumeration of error number 13 asserts two separate errors therein, to-wit that the trial court failed to give a complete charge on the crime of rape and failed to charge the jury on constructive force. Exercising our discretion (*Robinson v. State*, 200 Ga. App. 515, 518 (2) (408 SE2d 820); compare *Murphy v. State*, 195 Ga. App. 878 (6) (395 SE2d 76)), we elect to review only the claim of lack of completeness of the rape charge and to treat as abandoned the claim of error based on a failure to charge on constructive force.

The trial court instructed that "in Count 3 of the indictment the defendant is charged with the offense of rape. Rape is defined by law as follows: 'A person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will. Carnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ.' . . . If . . . you should find and believe beyond a reasonable doubt that . . . the defendant did . . . commit the offense of rape *as charged* in Count 3 of the indictment, you would be authorized to find the defendant guilty of that offense. . . . On the

other hand, if you do not believe that the defendant is guilty of rape *as charged* in Count 3 of this indictment, or if you have any reasonable doubt as to his guilt of *that* offense, then it would be your duty to acquit the defendant of that offense." (Emphasis supplied.) The court also instructed the jury inter alia as to Count 3 that " 'the grand jurors . . . further charge and accuse Karl Howell McGee with the offense of rape for that the said accused . . . did unlawfully have carnal knowledge of [M. M.], a female, forcibly and against her will.' " When examined in toto (*Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177)), the charges reveal that not only was the jury given the statutory definition of rape (OCGA § 16-6-1), but was clearly instructed by the charges in their entirety of the existence of the rape elements of (1) carnal knowledge (by any penetration of the female sex organ by the male sex organ), (2) of a female, (3) forcibly, and (4) against her will. We thus find that the charges given to the jury were adequate to instruct the jury not only as to the essential elements of rape, but also as to the particular averments contained within the rape count in the indictment. Further, the trial court did not err by failing to instruct the jury as to the definition of force. *Garner v. State*, 182 Ga. App. 251, 252 (2) (355 SE2d 451); compare *Floyd v. State*, 193 Ga. App. 17 (387 SE2d 16).

*Phelps v. State*, 192 Ga. App. 193 (384 SE2d 260) is factually distinguishable and not controlling.

8. Only after the charging of the jury did appellant enter two motions for mistrial as to two specific comments made to the jury by the State during its closing argument. No objections or mistrial motions were posed during argument when the trial court could have promptly and effectively taken any corrective action deemed necessary. " 'The time to object to improper closing argument *is when the impropriety occurs at trial*, when the trial judge may take remedial action to cure any possible error. . . . When no timely objection is interposed, the test for reversible error is not simply whether or not the argument is objectionable, or even if it might have contributed to the verdict; the test is whether the improper argument in reasonable probability changed the result of trial.' " (Emphasis supplied.) *Tharpe v. State*, 262 Ga. 110, 114 (16) (416 SE2d 78). Applying this test we are satisfied that the trial record reveals no reversible error. In this regard, the comment regarding the witness being the one whose house burned was merely a means to identify quickly in the jury's mind to which witness the State was referring. Moreover, no reasonable inference could be drawn from the State's remarks that appellant had set fire to the witness' house. The fact that her house had burned was a matter voluntarily and spontaneously revealed in the presence of the jury by the witness, and with no implication that the fire had been deliberately set by anyone. The State also remarked about the lack of appel-

lant's cross-examination of witnesses regarding whether someone other than the accused may have put his penis in M. M.'s vagina. We find appellant opened the door to this comment by his preceding closing argument that "if it was a penis, we don't know whose penis it was. The defendant says it wasn't his . . . and the only people who would know whether or not it was his would be the immediate family." Moreover, contrary to appellant's claim the rape shield law would not prevent him from bringing to the jury's attention, either by direct or cross-examination, that someone other than appellant had been the one to rape M. M. (as was implied in his closing argument). The rape shield statute "precludes the introduction of evidence of the victim's past sexual behavior. Obviously, a prior rape committed against the victim has nothing whatsoever to do with *her* past sexual behavior." *Raines v. State*, 191 Ga. App. 743, 745 (2) (382 SE2d 738). Further, as the State did not make statements of prejudicial matters, within the meaning of OCGA § 17-8-75, the provisions of that statute are inapplicable.

9. Appellant asserts the trial court erred in allowing Detective Wade to testify repeatedly as to statements made to her by M. M. This error as enumerated is without merit.

At trial appellant objected to this testimony on the grounds that an exception to the hearsay rule applies only to a child witness who has not yet reached her fourteenth birthday at the time the out-of-court statement was made. Appellant also enumerates as error that the testimony concerning M. M.'s prior statements was admitted to impeach without proper foundation, and that such statements were being used to prove a crime. As these latter two enumerations were not timely raised by objection at trial, appellant cannot now raise them for the first time on appeal. *Lawton*, supra at 856 (2); *Norman v. State*, 197 Ga. App. 333, 334 (2) (398 SE2d 395) (objection on a specific ground at trial waives any objection on other grounds on appeal); compare *Penaranda v. State*, 203 Ga. App. 740, 741 (2) (417 SE2d 683) with *Horne v. State*, 204 Ga. App. 81 (1) (418 SE2d 411) where a timely and specific objection was made. Likewise, no "improper bolstering" objection was preserved for consideration on appeal.

Where the veracity of a witness is expressly or impliedly at issue (M. M.'s veracity was so placed in issue during appellant's cross-examination of her), and that witness is present at trial, under oath, and subject to cross-examination, the prior *consistent* out-of-court statement of the witness is admissible. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661); *Postell v. State*, 200 Ga. App. 208, 210 (3) (407 SE2d 412). Once admitted in evidence such statements also are admissible as substantive evidence and are not subject to hearsay or impermissible bolstering objections. *Postell*, supra at 211; compare *Carroll v. State*,

261 Ga. 553, 554 (1) (408 SE2d 412).

Further, when the credibility and veracity of a witness, who is under oath and subject to cross-examination, is under express or implied attack, the State may show that the witness has made prior consistent statements, and such statements are admissible as substantive evidence. *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717); *Esco v. State*, 199 Ga. App. 232, 233 (1) (404 SE2d 584).

Portions of M. M.'s out-of-court statement were admissible as prior *inconsistent* statements (for example, M. M. testified with a negative response when asked if her dad ever hit or struck her), and other portions were admissible as prior consistent statements (for example, M. M. testified that her dad had touched her private by inserting his penis therein and he also touched her private with something besides his penis). Appellant *requested*, after the trial court elected to admit testimony concerning the out-of-court statement, that the detective's testimony be limited either to M. M.'s prior statements which were consistent or to those that were inconsistent with her testimony at trial. This *request* was not in the proper form of an objection or motion. See *Gully v. Glover*, 190 Ga. App. 238, 241 (4) (378 SE2d 411). Moreover, evidence is admissible if any legitimate grounds exist therefor (*Boatright*, supra), and thus both the prior consistent and the prior inconsistent portions of M. M.'s statement to Detective Wade were admissible. After the trial court ruled that both the consistent and inconsistent out-of-court statements were admissible and he would allow the testimony, appellant failed to make any form of timely motion or objection to preclude admission of those specific portions of the statement which were neither consistent nor inconsistent in content. Accordingly, the issue whether these particular portions of M. M.'s statement, if any, were admissible or whether they should have been excised (compare *Carroll*, supra at 554) has not been preserved for appeal. *Lawton*, supra; *Norman*, supra. And, in any event, we will not grant more relief than was requested at trial by appellant. See *Harris v. State*, 202 Ga. App. 618, 619 (3a) (414 SE2d 919).

Although, as above discussed, all types of foundation objections were waived at trial, we emphasize that, contrary to appellant's assertions, surprise no longer is required to be shown to impeach one's own witness by use of prior inconsistent statements. See generally *Pryor v. State*, 198 Ga. App. 588 (2) (402 SE2d 338).

10. Appellant asserts that the trial court erred in allowing the admission in evidence of the audio tape of a conversation he had with M. M. Appellant objected at trial to the admission of the tape on the grounds that it was taken when M. M. was 14 years of age, that he had not been provided with a copy of the tape prior to trial notwithstanding his timely motion for discovery, that some of the people

listed on the tape were not present in court, and that it would improperly bolster the testimony of a live witness. All other grounds for objection, including but not limited to those relating to foundation and the adding of new evidence, not having been timely and specifically raised at trial are waived. *Lawton,* supra; *Norman,* supra.

After hearing the audio tape outside the presence of the jury, the trial court admitted the tape, but informed appellant it would make both M. M. and E. M. available for further cross-examination if requested. As the trial court gave appellant an opportunity to hear the tape before allowing it to be played by the jury, there was no *Brady* violation. "*Brady [v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215)] is not violated when the *Brady* material is available to the defendant during trial, since *Brady* does not require a pre-trial disclosure of the materials." *Glenn v. State,* 255 Ga. 533, 534 (2) (340 SE2d 609). Following admission of the tape, appellant's motion for directed verdict of acquittal as to Count 2, child molestation of M. M., was granted. However, we cannot agree with appellant that the evidence contained in the tape relevant to the touching of M. M.'s genitalia would have been rendered inadmissible if pretrial disclosure of the tape had been made to appellant and, as a result, the molestation charge had been dismissed before trial. First, such argument requires this court to engage in a series of speculations not supported by the record. Additionally, certain of this evidence would have remained duly admissible as part of the res gestae (OCGA § 24-3-3), and the balance of the statement pertaining to the molestation of M. M. would have been admissible as proof of similar crimes to show appellant's motive, intent, bent of mind and lustful disposition toward her. See generally *McGowan v. State,* 198 Ga. App. 575, 577 (2) (402 SE2d 328); *Oller,* supra at 818 (2). Thus, as M. M. still could have been recalled by the State and examined over these happenings, her testimony that appellant had touched her private with something in addition to his penis would have remained subject to being corroborated by proof of her out-of-court, consistent taped statement. See *Esco,* supra at 233.

Appellant's remaining contentions, which were not waived at trial by failure to make specific and timely objection, have been adversely decided against him in Division 9 above. The tape was admissible as substantive evidence. *Cuzzort,* supra; *Gibbons,* supra.

11. Appellant's contention that the trial court erred in allowing the jury to hear again, after commencing deliberation, the audio tape of M. M., is without merit. The tape was admissible as discussed in Divisions 9 and 10 above. The trial court did not abuse its discretion in allowing its replay. *Stephens v. State,* 261 Ga. 467, 468 (4) (405 SE2d 483).

12. Appellant's assertion that the trial court erred in allowing the

videotape of the interview of M. M. in evidence is without merit. At trial appellant timely objected to the admission of the tape only on the grounds that M. M. was 14 years of age when the interview occurred (thus tacitly claiming no hearsay exception existed as to the statement). Accordingly, all other objections, including but not limited to improper bolstering, lack of adequate foundation, and double hearsay (statement attributed to E. M. in M. M.'s tape) were waived. *Lawton*, supra; *Norman*, supra. Appellant's remaining arguments have been resolved against him. See Division 9 above. The videotape of M. M. was admissible. *Cuzzort*, supra; *Gibbons*, supra.

13. Appellant's assertion that the trial court erred in allowing the videotape of the interview of E. M. to be admitted in evidence, because of lack of proper foundation and double hearsay (hearsay statement of M. M.), is without merit. Appellant made neither of these specific objections to the admission of the tape at trial. Thus, these grounds were waived and cannot be considered on appeal. *Lawton*, supra; *Norman*, supra.

14. The trial court did not commit error in charging that "should you find that any witness, prior to his or her testimony . . . has made any statement inconsistent with or to his or her testimony . . . and that such prior inconsistent statement is material to the case and the witness' testimony, then you are authorized to consider same not only for purposes of impeachment, but as substantive evidence in the case." The charge was not misleading and correctly stated the law. Compare *Cuzzort*, supra with *Gibbons*, supra.

15. Appellant contends inter alia that the record is void of any evidence from which a reasonable inference can be drawn that appellant had carnal knowledge with his daughter, M. M., forcibly and against her will. We disagree. The various out-of-court statements of M. M. were duly admissible as above discussed, and provided substantive evidence from which the jury could find the essential elements of both rape and cruelty to children. M. M. testified inter alia at trial that her father had placed his penis within her vagina, and that she told two ladies her father had *sex* with her. This conversation was recorded. The defense elicited from her that she got *raped* when living with her father. Detective Wade testified that M. M. told him that "she told her dad she did not want that thing in her body, [that her dad] was having *sex* with her, [and that he would] whip her with a belt if she refused to get into bed with him." (Emphasis supplied.) In the videotape of M. M., she stated: "I tell him no. I say, 'You [are] going to make me pregnant.' . . . But he won't leave me alone, so he *grabbed* my hand. . . . And then he . . . *grabbed me in there* and told me to pull my clothes off and got on top of me . . . and started doing *sex* with me . . . and I told him, 'Get off of me!' and he said no." (Emphasis supplied.) She further stated that her fa-

ther "put his [penis] in my private, and *that's when he would have sex with me. . . . * I told him to get off, and I'd say, 'I don't want to have *sex* with you.'" (Emphasis supplied.) Thus, the jury could reasonably infer appellant had carnal knowledge with his daughter, M. M., by force and against her will. Compare *Carroll,* supra at 554 (1) with *Gross v. State,* 259 Ga. 627, 629 (4) (385 SE2d 674) (tape admissible under *Gibbons,* supra, where defendant did not fully admit making all the statements contained on the tape). The record also contains substantive evidence that appellant molested his daughter, E. M., notwithstanding her recantation of such events on the stand. For example, the defense induced testimony from E. M.'s teacher, Ms. Allen, that appellant touched E. M. in a way in which she was not comfortable, that he made M. M. and her go into the bedroom and sleep with him and that he does things to her sister and herself. In her videotape interview, E. M. stated her father, the appellant, touched her in her private with his hand.

On appeal an appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State,* 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

16. Appellant contends the trial court erred in denying his motion for new trial. For all the reasons above discussed, we disagree. There was no reversible error committed in the trial of this case.

Appellant's remaining unaddressed contentions in support of his enumerated errors also are without merit, and the authority he relies upon is not controlling.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED OCTOBER 6, 1992 —

*Adele P. Grubbs, Amelia G. Pray,* for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.