## A92A1991. HILBURN v. THE STATE.
### (427 SE2d 97)

BLACKBURN, Judge.

Following a jury trial, the appellant, James Hilburn, was convicted of driving without taillights in violation of OCGA § 40-8-23, and driving under the influence of alcohol in violation of OCGA § 40-6-391. On appeal, Hilburn contends that the evidence was insufficient to support his conviction.

According to the Bartow County deputy sheriff who arrested Hilburn, while on patrol during the evening of September 6, 1990, he noticed that a pickup truck traveling in the opposite direction had only one taillight functioning. When the deputy sheriff turned around to pursue it, the pickup truck accelerated. As he chased the truck for two to three minutes with his patrol car lights flashing and his siren on, the deputy observed only one occupant in the truck's cab. When the truck finally came to a stop in front of a mobile home, that solitary occupant, whom the deputy positively identified as Hilburn, exited the truck from the passenger side which faced the trailer. Street lights illuminated the area and enabled the deputy to view Hilburn and particularly note his physical appearance and attire (long hair, beard, and wearing only cut-off blue jean shorts). Hilburn then ran behind the mobile home but was followed by the deputy, and then ran back to the front porch of the trailer, where the deputy con-

fronted him and another individual. Hilburn denied being the driver of the truck, but refused to divulge the identity of anyone else as the driver. The deputy detected a strong odor of alcohol about Hilburn, and placed him under arrest. An intoximeter test administered shortly afterwards revealed a blood alcohol content of .18.

Hilburn testified and acknowledged his intoxication and presence in the pickup truck on the evening in question. However, he claimed that he had been only a passenger in the truck. The other individual with Hilburn when the deputy apprehended him had been a second passenger. Hilburn identified yet another individual as the driver, who had immediately run from the scene when he stopped the truck. Hilburn explained that he had refused to divulge the identity of the driver at the time, because the driver was on probation and had also been drinking, in violation of the terms of his probation. The individuals identified by Hilburn as the other passenger and the actual driver testified and corroborated Hilburn's testimony.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737)." *Plumm v. State*, 201 Ga. App. 154, 155 (3) (410 SE2d 352) (1991). Questions of credibility of witnesses lie within the sole province of the jury, and this court may not substitute its judgment for that of the jury. *Esco v. State*, 199 Ga. App. 232 (2) (404 SE2d 584) (1991). Viewing the evidence in this case in accordance with the above standard, we find the evidence sufficient to authorize a rational trier of fact to find Hilburn guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JANUARY 19, 1993.

*Culverhouse & Deems, T. Neal Brunt*, for appellant.

*Darrell E. Wilson, District Attorney, H. Gray Skelton, Jr., Assistant District Attorney*, for appellee.