A98A1074. HUTCHINSON v. THE STATE.
(501 SE2d 873)

BLACKBURN, Judge.

Cecil Hutchinson appeals from his conviction of burglary, contending that the evidence was insufficient to support the verdict. For the reasons discussed below, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." (Citation and punctuation omitted.) *Norris v. State*, 227 Ga. App. 616, 619 (4) (489 SE2d 875) (1997). "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Punctuation omitted.) *Wilson v. State*, 227 Ga. App. 59, 60 (1) (488 SE2d 121) (1997).

The evidence showed that, between October 6 and October 13, 1996, a box-type freezer was stolen from the house of Lillie Lovett. The intruder had cut a screen door and opened another door to enter the house. Lovett's daughter reported the burglary to the sheriff.

Detective Carl James of the Ware County Sheriff's Office testified that he received information from another deputy that the freezer was at Hutchinson's house. On October 16, James went to Hutchinson's house. After James explained what he was looking for, Hutchinson's wife agreed to let James search the house. James discovered the freezer in the house. Lovett's daughter identified the freezer as the one stolen from Lovett's house.[1]

On November 26, 1996, after Hutchinson was arrested, James interviewed Hutchinson at the sheriff's office. Hutchinson was advised of his *Miranda* rights and waived his right to counsel. James testified that Hutchinson admitted committing the burglary with another individual, David Mock. However, Hutchinson refused to sign a written confession or allow James to tape the interview. Hutchinson denied that he had confessed to James, but admitted that he had refused to make a written statement or allow the interview to be recorded.[2]

Under these facts, the jury was clearly authorized to conclude beyond a reasonable doubt that Hutchinson was guilty of the offense of burglary. See *Jackson*, supra. Although Hutchinson denies that he confessed to James, this is an issue of witness credibility and thus for the jury to resolve. See *Hilburn v. State*, 207 Ga. App. 127, 128 (427 SE2d 97) (1993).

---

[1] Lovett was unable to testify at the trial, as she was 93 years old and in poor health.

[2] Hutchinson offered conflicting testimony as to whether he knew James had a tape recorder at the interview. At one point Hutchinson stated that he saw the tape recorder sitting on the table, and at another point he claimed that he did not see any tape recorder.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

Decided April 29, 1998.

*McGee & McGee, James B. McGee III*, for appellant.
*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney*, for appellee.