A10A2227. MITCHELL v. THE STATE.

(706 SE2d 223)

ADAMS, Judge.

Bruce Edward Mitchell was convicted by a jury of multiple counts of aggravated sodomy, aggravated child molestation and child molestation. He appeals, challenging the sufficiency of the evidence and the trial court's charge to the jury. We affirm.

1. Mitchell first challenges his conviction on the aggravated sodomy counts, arguing that the State failed to prove that he perpetrated the acts of oral and anal sodomy on his three male victims, who ranged in age from seven to nine years, forcibly and

against their will. See *Brewer v. State*, 271 Ga. 605 (523 SE2d 18) (1999).[1]

> Only a minimal amount of evidence is necessary to prove that an act of sodomy involving a child was done with force and against the child's will, and such evidence can consist of "threats of death or physical bodily harm, or mental coercion, such as intimidation." *Brewer v. State*, 271 Ga. 605, 607 (523 SE2d 18) (1999).

*Driggers v. State*, 295 Ga. App. 711, 714 (1) (673 SE2d 95) (2009).

"Moreover, (f)orce may be proved by direct or circumstantial evidence." (Citations and punctuation omitted.) *Boileau v. State*, 285 Ga. App. 221, 223 (1) (a) (645 SE2d 577) (2007).

In this case, two of the victims, who were brothers, testified about the repeated acts of anal and oral sodomy Mitchell performed on them, and the other victim, who was their cousin, testified that Mitchell also anally sodomized him and put lotion on his penis. All three victims testified that there was a gun on a nearby table when these acts were performed. All of the victims testified that they did not like it when Mitchell performed these acts on them, and one victim told a doctor who examined him that it "hurt a great deal" when Mitchell anally sodomized him. One of the brothers testified that Mitchell threatened to hurt and shoot him if he told and that he did not tell his mother "right away" about what Mitchell was doing because he was scared that Mitchell would shoot him with his gun. He also testified that he asked Mitchell to stop and Mitchell told him "to wait a little while." The cousin also testified that Mitchell threatened to shoot him if he told. The evidence was sufficient to prove that the victims were forced to perform these acts against their will. E.g., *Driggers*, 295 Ga. App. at 714. This enumeration thus presents no basis for reversal of Mitchell's conviction of aggravated sodomy.

2. Mitchell also argues that the trial court erred by failing to instruct the jury on the essential elements of the crime of aggravated child molestation.

As to this issue, the transcript shows that the trial court first charged the essential elements of the offense of sodomy as follows: "a person commits the offense of sodomy when he performs or submits

---

[1] Effective July 1, 2000, the General Assembly amended OCGA § 16-6-2 (a) (2) so that it now provides that aggravated sodomy is committed either when acts of sodomy are committed with force and against the will of the victim or "with a person who is less than ten years of age." Ga. L. 2000, p. 1346, § 1. Mitchell was indicted and convicted prior to the effective date of this amendment.

to any sexual act involving the sex organ of one person and the mouth or anus of another" and then charged that "a person commits the offense of aggravated sodomy when he commits sodomy with force and against the will of the other person." Subsequently, the trial court also charged "that a person commits a child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of fourteen years with the intent to arouse or satisfy the sexual desire of either the child or the accused." Although the trial court did not specifically define the offense of aggravated child molestation for the jury, it did inform the jury that Mitchell was charged with that offense, as well as aggravated sodomy and child molestation. Moreover, the indictment was sent out with the jury, and the jurors were informed not to begin their deliberations until the indictment and exhibits had been delivered to the jury room. The indictment in this case recited the essential elements of the charged offenses and specified the exact manner in which the aggravated child molestations, which involved acts of sodomy, were alleged to have been committed.[2] And the jury was instructed that the burden was on the State "to prove every material allegation of the indictment, every essential element of the crime charged, beyond a reasonable doubt." Moreover, the victims' testimony showed that the acts of aggravated child molestation were committed as alleged.

In *Floyd v. State*, 193 Ga. App. 17 (387 SE2d 16) (1989), the defendant was charged with aggravated child molestation and the molestations involved acts of sodomy. On appeal, the defendant argued that the trial court erred by failing to define sodomy in its charge to the jury. Although first noting that "undoubtedly," it would have been better practice for the trial court to include the definition in its charge to the jury, this Court went on to find that the failure to do so was not reversible error, "particularly in view of the fact that the indictment specified the manner in which the alleged acts of sodomy had been committed," the testimony of the victims disclosed that the defendant had perpetrated the acts as alleged in the indictment, and the charge as a whole sufficiently instructed the jury as to the basic principles of law. (Punctuation omitted.) Id. at 17-18. In this case, the defendant was likewise charged with aggravated child molestation, and the alleged molestations involved acts of sodomy. Those acts were also specified in the indictment, and the victims' testimony showed that Mitchell committed those acts of sodomy as alleged. The charge as a whole sufficiently instructed the jury on the basic principles of law and contained specific instructions

---

[2] There is no contention that the acts alleged did not constitute the offense of aggravated child molestation.

on the offenses of child molestation, sodomy and aggravated sodomy. Finally, the jury was specifically instructed on the State's burden to prove every material allegation of the indictment and the essential elements of the crimes charged. In light of these circumstances, we also discern no reversible error in this case. See also *Turner v. State*, 246 Ga. App. 49, 54 (5) (a) (539 SE2d 553) (2000) (trial court's failure to define "destructive device," an essential element of the offense charged, not reversible error when, inter alia, the indictment specified the device and the experts described devices found in defendant's bedroom).

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 16, 2011.

*Peter D. Johnson*, for appellant.
*Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.